STATE EX REL. BUTSCH *v.* O'HARROW, JUDGE.

[No. 27,839.   Filed April 1, 1943.]

*James A. Emmert,* Attorney General, *Frank E. Coughlin,* Deputy Attorney General, and *Sherwood Blue,* of Indianapolis, for respondent.

*T. Ernest Maholm,* of Indianapolis, for relator.

FANSLER, J.—This action was instituted in this court by a petition signed by T. Ernest Maholm, attorney for the relator, William Ray Butsch. It seeks a writ mandating Hon. Omar O'Harrow, as special judge of the Criminal Court of Marion County, to sustain a motion for a change of venue from the county, signed, and sworn to by William Ray Butsch, in a case in which the relator is charged with murder.

It appears from the petition that before trial of the murder charge there was a hearing upon the question of defendant's sanity, as provided by § 9-1706, Burns' 1942 Replacement, § 2220, Baldwin's 1934. The court found "that the defendant has not comprehension sufficient to understand the proceedings and make his defense," and he was committed to the Indiana Colony for the Criminal Insane. The statute further provides: "Whenever the defendant shall become sane, the superintendent of the insane hospital shall certify the fact to the proper court, who shall enter an order on his record directing the sheriff to return the defendant, or the court may enter such order in the first instance whenever he shall be sufficiently advised of the defendant's restoration to sanity. Upon the release of any defendant so committed, he or she shall then be placed upon trial for the criminal offense the same as if no delay or postponement had occurred by reason of defendant's insanity." The judgment that the relator Butsch "has not comprehension sufficient to understand the proceedings and make his defense" is unappealed from and binding. It follows therefore that for the purposes of the criminal case against him and any procedure connected therewith he is *non sui juris*. The petition shows that an affidavit for a change of venue from the county was filed in the criminal case, and that

it purports to be signed and verified by Butsch in person. The motion for a change of venue was stricken out by the trial court. He clearly is incompetent to enter a plea of guilty or not guilty, and we must conclude that he is incapable of taking any steps in the criminal case, and that no steps may be taken against him, unless and until his sanity is restored. The proceeding in this court on his behalf seeks to affect the proceedings against him in the criminal court in respect to which it has been adjudged that he has not comprehension sufficient to understand. He had insufficient mental capacity to understand the nature of a change of venue from the county, and insufficient mental capacity to procure any step to be taken for or against him in the criminal proceeding. Having been adjudged to have insufficient understanding to comprehend and understand the proceedings in his criminal case, he has insufficient comprehension to maintain an action in this court, which is an incident to that criminal prosecution.

The petition here is not signed by the relator, but by his counsel. We know of no rule, either statutory or common law, which authorizes the maintenance of an action on behalf of an insane person by counsel other than such as may act by appointment of a court or representing a guardian or committee duly appointed by a competent court.

The petition is dismissed.

NOTE.—Reported in 47 N. E. (2d) 613.