STATE EX REL. QUEAR *v.* MADISON CIRCUIT COURT ET AL.

[No. 28,784.  Filed June 13, 1951.]

*William L. Peck,* of Anderson, for relator.

*Joseph A. Dickey, pro se.*

EMMERT, J.—This is an original action for a writ of prohibition, in which we issued a temporary writ restraining and prohibiting the trial court from enforcing all orders for temporary support pending an action for limited divorce as pleaded in a second paragraph of complaint.

On the 12th day of April, 1951, Charles B. Salyer, as guardian of Edna Ruth Quear, filed a complaint for support against her husband, Eugene C. Quear, the relator here. Two days later the guardian filed a second paragraph of complaint for limited divorce, support, expenses and attorney's fees. On the 17th day of April, the husband filed a plea in abatement to the second paragraph of complaint, and on said date the court ordered the husband to pay the sum of $50.00 each week to the clerk of the court for the use of the wife, Edna Ruth Quear, pending the action. The next day the guardian filed a residence affidavit executed by the wife, which also prayed an order for support pending the action. On April 20th the court, after a

hearing, ordered the husband to pay the sum of $60.00 each week for the support of the wife pending the action.

The certified copy of the second paragraph of complaint discloses that the wife is over 21 years of age, and that she had been committed to the Richmond State Hospital, but it did not disclose under what statute the guardian had been appointed, nor did it allege the wife had been discharged from the hospital as recovered from her mental illness. The complaint was verified by the guardian.

The issue thus presented is, does the trial court under the record in this cause have jurisdiction to entertain the action for limited divorce brought by the guardian of the wife? We believe not.

Chapter 69 of the 1927 Acts as amended, §§ 22-1201— 22-1228, Burns' 1950 Replacement, provides for the commitment and discharge of insane persons to the hospitals of this state. Section 22-1202, Burns' 1950 Replacement, places the jurisdiction to adjudge persons insane in the circuit and superior courts of the respective counties. Section 22-1207, Burns' 1950 Replacement, provides that if at the conclusion of the hearing, "it shall appear to the judge that the person so alleged to be insane is in fact insane, he shall so find, and shall enter an order of commitment in the proper record of the court." The last sentence of this section provides, "Whenever it appears that the person who is adjudged to be insane has an estate, the court shall thereupon appoint a guardian for such insane person, under like restrictions, in the same manner and with the same powers and duties as in the case of guardians appointed for minors." Section 22-1218, Burns' 1950 Replacement, provides that "Any patient may be discharged from any hospital for insane, by the superintendent thereof, when sufficiently recovered *or upon*

*restoration to mental health."* (Italics supplied.) The last sentence of this section states that "Upon receipt of such statement certifying that such person is restored to mental health, the court shall thereupon enter an order finding such person sane." It should be noted that this section does not require the court to enter an order that the patient is sane when the discharge merely states that the patient is sufficiently recovered for discharge. This section was construed in *State ex rel. Codding* v. *Eby, Judge* (1945), 223 Ind. 302, 60 N. E. 2d 527. This court distinguished between a discharge when "such patient is sufficiently recovered to be released," and a discharge when the patient "has been restored to mental health." The court stated: "In fact, the failure of the certificate to show that she 'has been restored to mental health' warrants an inference that the opinion of the superintendent is to the contrary." (P. 306.)

The general rule is that after an adjudication of insanity, there arises a presumption that such condition continues until the contrary is shown. *Langdon* v. *Langdon* (1932), 204 Ind. 321, 183 N. E. 400, 85 A. L. R. 1297. See also *State ex rel. Butsch* v. *O'Harrow, Judge* (1943), 221 Ind. 301, 47 N. E. 2d 613. The second paragraph of complaint does not state under what statute the guardian was appointed. It does state the ward was committed to the Richmond State Hospital on or about March 11, 1949, but it fails to state any discharge by reason of a restoration of sanity or any adjudication that sanity has been restored. Under this state of the record we must presume her sanity has not been restored.

An insane person cannot bring an action for divorce because he cannot consent to the filing of the com-

plaint. *Bradford* v. *Abend* (1878), 89 Ill. 78, 31 Am. Rep. 67. "The wrongs which may be committed by a husband or wife are not, of themselves, sufficient to dissolve the bonds of matrimony. The injured party, if insane, may, upon recovering his or her reason, condone the wrong, or continue the marriage relation notwithstanding the delinquencies of the other party." *Mohler* v. *Shank* (1895), 93 Iowa 273, 279, 61 N. W. 981, 983, 34 L. R. A. 161, 167, 57 Am. St. Rep. 274, 278. In contemplation of law, the action for limited divorce was brought without the consent of the wife, and she was incompetent to execute the affidavit of residence required by the statutes.

Nor do the statutes on divorce or guardianship authorize the institution of a suit for divorce by the guardian in behalf of his ward. The right to divorce is not a common law right, but depends upon legislative enactments. 27 C. J. S. 629, § 69; 17 Am. Jur. 274, § 242; *Hetherington* v. *Hetherington* (1928), 200 Ind. 56, 160 N. E. 345. Marriage is not only a civil contract, but it creates a status or relation. "With this status or relation courts can interfere only to the extent and in the manner prescribed by statute." *Pence* v. *Aughe, Guardian* (1885), 101 Ind. 317, 321. The statutory provisions for a separation from bed and board for a limited time adopt the statutory provisions for an absolute divorce as to residence and proof thereof, and the practice and proceedings of the court. Section 3-1231, Burns' 1946 Replacement (Acts 1903, ch. 48, § 4, p. 114). The statutes on divorce grant no right to a guardian to prosecute an action for divorce, but on the other hand provide, "Divorces may be decreed upon the application of the injured party . . ." Section 3-1201, Burns' 1946 Replacement. Section 3-1203, Burns' 1946 Replacement

(1949 Supp.), provides in part, "and the petitioner shall, with such petition, file with the clerk of the court an affidavit subscribed and sworn to by such petitioner in which the petitioner shall state the length of time the petitioner, or the defendant spouse, as the case may be, has been a resident of the state . . . ."

There is no statutory authorization in any of the acts providing for the appointment of a guardian which would authorize a guardian to prosecute an action for divorce. In *Pence* v. *Aughe, Guardian* (1885), 101 Ind. 317, *supra,* this court held that the statutes on guardianship of minors and guardianship of insane persons did not authorize a suit by the guardian to annul a marriage of his ward.[1] In *Langdon* v. *Hadley* (1926), 85 Ind. App. 515, 150 N. E. 793, the Appellate Court of Indiana, upon the authority of the *Pence* case, *supra,* held that a guardian of an insane person could not prosecute an action to annul the marriage of his ward.

Since neither the statutes defining the powers of guardians nor the statutes on divorce authorize a guardian to prosecute an action for divorce, whether absolute or limited, the trial court had no jurisdiction to entertain the action in this case. See *Johnson* v. *Johnson* (1943), 294 Ky. 77, 170 S. W. 2d 889; *Stevens* v. *Stevens* (1934), 266 Mich. 446, 254 N. W. 162; *Higginbotham* v. *Higginbotham* (Mo.

---

[1] "When either of the parties to a marriage shall be incapable, from want of age or understanding, of contracting such marriage, or when such marriage is procured through fraud of one of the parties, the same may be declared void, on application of the incapable party in the case of want of age or understanding and of the innocent party in the case of fraud, by any court having jurisdiction to decree divorces; but the children of such marriage begotten before the same is annulled, shall be legitimate; and, in such cases, the same proceedings shall be had as provided in applications for divorce." Section 44-106, Burns' 1940 Replacement.

App., 1940), 146 S. W. 2d 856, 348 Mo. 1073, 156 S. W. 2d 650; *Mohrmann* v. *Kob* (1943), 291 N. Y. 181, 51 N. E. 2d 921; *Worthy* v. *Worthy* (1866), 36 Ga. 45, 91 Am. Dec. 758; *Bradford* v. *Abend* (1878), 89 Ill. 78, 31 Am. Rep. 67, *supra; Mohler* v. *Shank* (1895), 93 Iowa 273, 61 N. W. 981, 34 A. L. R. 161, 57 Am. St. Rep. 274, *supra; Birdzell* v. *Birdzell* (1885), 33 Kan. 433, 6 Pac. 561; *Dillion* v. *Dillion* (Tex. Civ. App., 1925), 274 S. W. 217; Keezer, *Marriage and Divorce* (3rd Ed.), p. 799, § 759; 17 Am. Jur., p. 290, § 272.

It necessarily follows the court had no jurisdiction to enter an order for support *pendente lite.*

The temporary writ of prohibition is made permanent.

NOTE.—Reported in 99 N. E. 2d 254.