VALERIE STYPCZYNSKI *v.* KAISER JEEP CORPORATION.

[No. 1171A246. Filed April 17, 1973.]

*John S. Gonas*, of South Bend, for appellant.

*James H. Pankow*, of South Bend, for appellee.

SHARP, J.— (SITTING BY DESIGNATION) The Appellant filed a Form 10 Application for Dependents of Deceased Employee with the Industrial Board on February 10, 1970 alleging Plaintiff-Appellant was wholly dependent on Louis Stypczynski who died on September 24, 1968 as a result of injuries sustained in an accident arising out of and in the course of his employment by the Appellee on May 31, 1968. The only item in the transcript in regard to the processing of that Form 10 filed February 10, 1970 is the form itself. None of the other proceedings in regard to its disposition are included in the record. Specifically, there is no transcript of the proceedings on it or the final award or decision thereon, although Appellant makes unverified assertions in her brief that such proceedings and award did occur.

On June 25, 1970 Appellant filed a Form 115 Application of Disabled Employee for Compensation under the Occupational Diseases Act. It asserts that the Appellant's decedent, Louis Stypcznski, was last exposed to and disabled by an occupational disease on July 2, 1968 which caused decedent's death on September 24, 1968.

On March 19, 1971 Appellee filed its Special Answer which stated:

"For special answer of defendant to each of these claims, defendant says plaintiff filed Form 10 Application for Adjustment of Claim for Compensation October 3, 1968, which

was the subject of the Full Industrial Board Award of September 15, 1969, by which plaintiff took nothing by Form 10 Application; thereafter on September 23, 1969, plaintiff filed Form 10 Application for Adjustment of Claim and defendant filed verified motion to dismiss for the reason the same had been finally adjudicated by the award of September 15, 1969, after which the Board found the defendant's motion to dismiss should be sustained and ordered the plaintiff's Form 10 Application filed September 23, 1969, dismissed by order of the Board of February 25, 1970.

WHEREFORE, defendant prays an order dismissing both the claimant's O.D. Form 1604 and Industrial Board No. 65403 for the reason the same have already been the subject of an adjudication by the Full Board of Indiana which has become a final award."

On April 21, 1971, the Hearing Member entered the following order:

"BE IT REMEMBERED, that pursuant to notice fixing the time and place therefor, the above cause was set for hearing before Joseph P. Miller, Hearing Member of the Industrial Board of Indiana, on April 12, 1971, at 1:00 P.M. in South Bend, Indiana, on plaintiff's form No. 115 and Form No. 10 claims for compensation, filed on the 25th day of June, 1970, and the 13th day of February, 1970, respectively.

Plaintiff appeared in person and by her attorney, John S. Gonas; defendant appeared by its attorney, James H. Pankow.

Be It Further Remembered that on the 19th day of March, 1971, the defendant filed its special answer in said cause, in which said answer the defendant alleges that the said causes of action have been finally adjudicated by reason of an award of September 15, 1969, by the Full Industrial Board of Indiana, after which the Industrial Board found that the defendant's motion to dismiss should be sustained and ordered the plaintiff's Form 10 application filed September 23, 1969, be dismissed by order of the Board of February 25, 1970, which said special answer is in the following words and figures, to-wit:

(H.I.)

Be It Further Remembered that on the 29th day of March, 1971, the plaintiff filed her motion to deny the said defendant's motion to dismiss, which said motion is in the following words and figures, to-wit:

(H.I.)

Said Hearing Member having reviewed all the motions filed by the parties in said cause and having examined the entire file in said cause and being duly advised in the premises herein, now finds:

That all matters in dispute in said causes of action have been fully adjudicated by the award of the Full Industrial Board of Indiana of September 15, 1969, and that the Industrial Board of Indiana is without jurisdiction in the premises herein and further finds that plaintiff's O.D. Form 1604 and Industrial Board No. 65403 should be dismissed.

## ORDER

IT IS, THEREFORE, CONSIDERED AND ORDERED by the Industrial Board of Indiana that plaintiff's Occupational Disease Form 1604 and Cause No. 65403 should be and the same is hereby dismissed."

On November 5, 1971, after application made by Appellant, having heard arguments of counsel entered, the Full Industrial Board entered an order which, in pertinent parts, reads:

"Said Full Industrial Board of Indiana having reviewed all of the motions filed by the parties in said causes and having examined the entire files in said causes and being duly advised in the premises herein, now finds:

That all matters in dispute in said causes of action have been fully adjudicated by the award of the Full Industrial Board of Indiana of September 15, 1969, and that the Industrial Board of Indiana is without jurisdiction in the premises herein and further finds that plaintiff's O.D. Form 1604 and Industrial Board No. 65403 should be dismissed.

## ORDER

IT IS, THEREFORE, CONSIDERED AND ORDERED by the Full Industrial Board of Indiana that plaintiff's Occupational Disease Form 1604 and Cause No. 65403 should be and the same is hereby dismissed."

The above recital of the record represents the full extent of the contents of the Transcript having anything to do with the merits of this appeal or review.

This court is properly disposed to hear cases on their merits where possible and attempts to avoid nit-picking technicalities. However, it is basic and fundamental under the Appellate Rules, especially Rule 7.2, the Appellant has the burden to provide this court with a record adequate to permit consideration of the error or errors assigned. While we do not desire to encourage the inclusion of unnecessary and extraneous material in the record there are certain essentials that we must have.

In this case the basic issue asserted before the Industrial Board and here is the scope and effect of an adjudication before the Board of issues between these same parties on September 15, 1969. With the exception of Form 10 filed February 10, 1970 there is total silence in the record on that subject. Such is absolutely essential to determine the basic issue raised before the Board and here. Without it review is impossible. We find, as a matter of law, that the record fails to meet the minimum requirements of Appellate Rule 7.2 to permit our consideration of the issues attempted to be raised by Appellant here.

We do not, therefore, have before us a record sufficient to intelligently consider any of the issues in this review. The failure of the Appellant to provide such a record compels us to affirm the order of dismissal of the Industrial Board entered on November 5, 1971, which we accordingly now order.

Sullivan, J., not participating; Buchanan, P.J., concurs; White, J., concurs in result.

NOTE.—Reported at 294 N.E.2d 830.