JAMES A. BROWN *v.* NANCY B. BROWN.

[No. 2-473A90. Filed September 27, 1973. Rehearing denied October 29, 1973. Transfer denied February 26, 1974.]

*Thomas W. Munger*, of Lafayette, for appellant.

*John M. Burgett,* of Lafayette, for appellee.

SHARP, J.—This case involves an action for divorce brought by Appellee-wife against Appellant-husband in the Superior Court of Tippecanoe County.

The facts are lengthy, but may be summarized as follows:

Appellant and Appellee were married in 1952. Two sons were born to the marriage, Mark in 1958 and Michael in 1955. Michael, at the time of this decree, was about to enter college. Appellant has a bachelor of science degree with a major in English and Theater and approximately three years toward a bachelor of science degree in electrical engineering.

At the time of their marriage, Appellant was an enlisted man in the United States Army. During the 9½ months following his discharge from the army in 1953, Appellant worked 2½ months, mostly as an electrician. For the next four years, he was a civilian instructor at an army base, earning $5,000.00 per year. From 1958 to 1963, he was a full-time student at Purdue University. From 1963, when Appellant quit before completing his degree requirements, until 1967 Appellant did not work or attempt to find work. In 1967 Appellant started his present job as a part-time clerk (26 hours per week) with a consulting engineer's firm for $2.50 per hour. (Approximately $3,380.00 per year.)

Appellee has been continuously employed since their marriage. She is a teacher and has progressed in salary to over $13,000.00 per year. Appellee was awarded the residence which is valued at approximately $25,000.00 which has encumbrances of over $20,000.00. It is readily apparent from the detailed findings entered by the trial court that the work ethic was not a predominant part of the Appellant's philosophy.

Appellant raises only one question in his appeal: Whether the trial court erred in ordering the defendant to satisfy attorney fees to the plaintiff-wife's attorney in the sum of

$1,800.00 payable in full forthwith and in the event not paid forthwith, bearing interest at the rate of 8%. This was entered in the final decree awarding a divorce to the Appellee-wife.

The record which the Appellant has brought here is absent any evidence whatsoever even though his arguments involve factual questions. The record here contains only the pleadings, the findings and judgment of the trial court. All of the factual inferences therein must be considered in the light most favorable to the Appellee. This is especially true here where the sufficiency of the evidence to support such findings has not been asserted. This record in this case is quite similar to that in *Stypczynski* v. *Kaiser Jeep Corporation* (1973), 156 Ind. App. 78, 294 N.E.2d 830, where we held the record inadequate to permit us to determine the basic issue. While the inadequacy of the record here makes the determination of the issue raised most difficult, we prefer to reach the merits rather than decide cases on points of appellate procedure.

The outcome here turns on whether the trial court abused its discretion in the determination of the amount and manner of payment of attorney fees for the Appellee-wife's attorney. The scope of this inquiry may be further narrowed since nowhere in Appellant's Brief does the Appellant show or attempt to show specifically that $1,800.00 is an unreasonable fee in light of services on behalf of the plaintiff-wife—only that it is unreasonable to require the defendant to pay such fees in full forthwith or with interest.

In oral argument and in his brief, the Appellant took the position that it was an abuse of discretion for the trial court to allow *any* attorney fees to the wife's attorney. The law is clear on the subject of review of attorney fees on appeal. In *Northup* v. *Northup* (1972), 154 Ind. App. 469, 290 N.E.2d 501, 504, this court said:

"The award of the trial court as to attorneys' fees will be disturbed on appeal only where a clear abuse of discretion is shown. McDaniel v. McDaniel (1964), 245 Ind. 551, 562, 201 N.E.2d 215; Dunn v. Deitschel (1930), 204 Ind. 269, 169 N.E. 529; *Hardiman* v. *Hardiman* (1972), [152] Ind. App. [675], 284 N.E.2d 820; *Mathews* v. *Mathews* (1972), [151] Ind. App. [70], 278 N.E.2d 325; *Stigall* v. *Stigall* (1972), [151] Ind. App. [26], 277 N.E.2d 802."

Appellant would show that the trial court acted mistakenly, not being duly advised in the premises. Appellant contends in one breath that the court:

"Failed to take into account the financial situation of the parties, particularly the property, income and earning ability of the wife and the total impoverishment of the defendant accomplished by its decree ..."

and then follows:

"The trial court had just heard a full disclosure of property of the parties piece by piece, and was aware that it had taken everything from the defendant and given it to the plaintiff. It was further aware of the defendant's limited income."

It is apparent from the record that the trial court in a most complete and orderly fashion inventoried the assets and liabilities of the parties well in advance of making the Special Findings of Fact and Conclusions of Law as requested by defendant-appellant.

Appellant cites in support of his position the case of *O'Connor* v. *O'Connor* (1969), 253 Ind. 295, 253 N.E.2d 250, 254, where our Supreme Court of Indiana held:

"There may be instances where the financial situations of the parties are such that any allowance against the husband would be unreasonable and unjustified. There must therefore be read into the language of the statute a proviso to the effect that the court shall make the order provided for if a timely and proper application or petition is presented and the facts justify an allowance."

The practical effect of this decision in *O'Connor* was to allow the wife, the unsuccessful party, to recover her attorney fees. We do not deem *O'Connor* as authority here to demonstrate an abuse of discretion in awarding attorney fees to the wife's attorney when granting her a divorce. The decision in *O'Connor* has furnished the trial court with additional discretion where the court feels that any allowance against the husband would be reasonable or justified. Such action by a trial court under the authority of the "proviso" to be read into the statute clearly operates against the strict construction of IC 1971, 31-1-12-11, Ind. Ann. Stat. § 3-1216 (Burns 1968 Repl.). Tested by *O'Connor,* the record here fails to disclose a situation where the award of any allowance against the husband would be unreasonable and unjustified. The ability of an able-bodied and well-educated male to work and earn are certainly a part of the "financial situations" of the parties that a trial court may properly consider in the exercise of its discretion in regard to the award of attorney fees. One of the underlying premises of *O'Connor* is the common law duty of the husband to support his wife. Neither *O'Connor* nor certain recent statutory revisions of the divorce laws have eroded that duty which remains a viable part of our law.

It is imperative to recall that the Appellant-husband too sought affirmative relief by filing a cross-complaint and that the plaintiff-wife was forced to defend that cross-complaint of defendant-appellant, wherein the defendant-husband sought $10,000.00 in alimony from the wife in addition to division of the property. The trial involved 4½ days of trial time plus pre-trial pleadings, hearings and other professional services.

This case does not involve people of wealth but rather people whose obligations consume their income as it is received by them. While the income received by the wife might appear by some standards to be substantial, it is quickly consumed by income tax, deductions for insurance, by payments on two

mortgage on the residence, on utility bills, real estate taxes and the like, not to mention the expenses of maintaining food and clothing for herself and two teenaged boys and auto upkeep.

The divorce in and of itself has relieved the Appellee from certain burdens, more particularly that of supporting a "dependent" husband, in addition to herself and the two children. In this regard, the trial court found that the child support ordered paid by Appellant-husband in the final decree "will pay less than 20% of the cost of supporting and educating the children" and that the Appellee-wife "will consequently bear more than 80% of said cost." It must certainly come as a shock to the defendant this late in life to be required to face some aspect of responsibility whether by way of the modest support order or by way of the attorney fees ordered against him. It must certainly concern him that his part-time job may no longer be sufficient to help him meet the full requirements of adult life.

The trial court had a right to consider the total circumstances of the parties in regard to its total decree. This trial court did so admirably in a long, hard fought and protracted trial. The trial court has broad discretion in regard to the award of attorney fees when granting a divorce to a wife. In exercising such discretion, the trial court is not strictly limited to the present *economic* circumstances of the parties but may consider the *ability* of the parties to engage in gainful employment and to earn adequate income to comply with the court's order. The record which we have is replete with inferences that the Appellant has such present ability and has chosen not to use such. We do not deem the reference to "economic situations" by our Supreme Court in *O'Connor* to restrict the broad discretion of the trial court in cases such as this. We do not deem that "economic situations" is meant to be technical, narrow term. We do not believe the trial court went beyond the proper

boundaries of "economic situations" in its decision here. In short, the trial court did not violate the proper boundaries of its discretion.

We are very reluctant to interfere with the exercise of discretion by the trial court in this case and decline to do so. The Appellant has failed to demonstrate reversible error and we therefore affirm the decision of the trial court.

Judgment affirmed.

Hoffman, C.J., concurs.

Staton, J., concurs in result with an opinion.

### CONCURRING OPINION

STATON, J.—The ability of a party to earn must be coupled with the opportunity to earn before the trial court can determine earning power as a part of the financial situation. Otherwise, the trial court is limited to the present earning capacity evidence which it has before it. In the present case, there was no lack of opportunity evidence. The trial court inferred from the evidence that a man with the education of James A. Brown could earn more than a part-time clerk. This inference is justified.

NOTE.—Reported at 301 N.E.2d 400.