In re the Marriage of Jay Coy **TAYLOR,**
Appellant (Respondent below),

v.

Juanita Marilyn **TAYLOR,** Appellee
(Petitioner below).

Nos. 582S191, 2–780A224.

Supreme Court of Indiana.

May 17, 1982.

Rehearing Denied July 29, 1982.

Charles D. Hankey, Indianapolis, for appellant.

Belle T. Choate, Indianapolis, for appellee.

HUNTER, Justice.

This cause is before us upon the petition to transfer of petitioner-appellee, Juanita Marilyn Taylor. The Court of Appeals, Second District, reversed a lower court decision as to the property distribution in a dissolution decree. *In Re Marriage of Taylor*, (1981) Ind.App., 425 N.E.2d 649 (Buchanan, C. J., dissenting). We now grant transfer, vacate the opinion of the Court of Appeals, and affirm the judgment of the trial court.

The facts from the record which are not in dispute show that Jay Coy Taylor (Jay) and Juanita Marilyn Taylor (Juanita) were married on March 20, 1960, and had one son,

Jon Marc Taylor. Further facts were briefly summarized by the Court of Appeals:

> "[The] Taylors separated October 1, 1974, at which time they divided their personal assets and belongings. Subsequently, Juanita and Jay became financially independent. Juanita remained in the house owned as tenants by the entireties, maintained the house, paid the mortgage payments, and raised and supported their son. Jay left the marital residence, paid off certain preseparation joint debts, and made some cash payments to Juanita. On June 5, 1979 Juanita filed a petition for dissolution of marriage.

> "The decree of dissolution awarded the marital residence to Juanita but provided that Juanita should pay $2,000 to Jay as his share of equity in the marital residence. The special findings of fact reveal the trial court calculated the equity in the marital residence using October 1974 values as follows:

| "Value of house | $34,450 |
|---|---|
| Less: mortgage | 26,500 |
| Equity: | $ 7,950 |

> "As of the date of the final hearing, the house was valued at $56,000 and the mortgage balance was reduced." *In Re Marriage of Taylor, supra*, at 650.

The majority of the Court of Appeals held that the trial court erred as a matter of law and hence abused its discretion when it used the 1974 value of the house as a basis for the $2,000 equity award to Jay. The Court further found that since the statute in effect at that time was silent as to the date of valuation of the marital property, Ind.Code § 31–1–11.5–11(a) (Burns Supp.1979), it was up to the appellate court to determine:

> "1) whether a date certain for valuation is required, and

> 2) if such a date is required what that date should be."

*Id.* at 650.

The appellate court then held that a date certain for valuation was required and held that the correct date to use was the date the petition for dissolution was filed, in this

case, June 5, 1979. The appellate court, therefore, reversed and remanded the cause to the trial court.

## I.

◾ We find that the trial court did not abuse its discretion by awarding respondent the sum of $2,000 as his share of equity in the marital residence. We further agree with the view expressed by Chief Judge Buchanan in his dissenting opinion that the courts have no authority to set a specific date for property valuation absent any statutory provisions for this action. It is clear that the regulation of marriage and divorce is strictly a function of the legislature and the courts do not have jurisdiction to exercise that function. As Chief Judge Buchanan explained:

"The courts of this State do have the inherent power, as common law courts, to regulate the proof and trial of actions at common law. But courts of common law have never been empowered to grant divorces. That power rested in medieval times with the ecclesiastical courts, which relied on civil codes, not the common law. See 24 Am.Jur.2d Divorce and Separation § 6, p. 180.

"In this country, the task of regulating divorce was taken over not by the courts, but by the legislatures. 'The regulation of marriage and divorce has been fully recognized as a matter within the exclusive province of the Legislatures of the States.' Sweigart v. State, (1938) 213 Ind. 157, 165, 12 N.E.2d 134, 138. 'The right to divorce is not a common law right, but depends upon legislative enactments. 27 C.J.S., Divorce, § 69, p. 629; 17 Am.Jur. 274, § 242; Hetherington v. Hetherington, (1928) 200 Ind. 56, 160 N.E.

345.' State ex rel. Quear v. Madison Circuit Court, (1951) 229 Ind. 503, 507, 99 N.E.2d 254, 256. 'The right to apply for or obtain a divorce is not a natural one, but is accorded only by reason of statute, and the state has the right to determine who are entitled to use its courts for that purpose and upon what conditions they may do so.' Berghean v. Berghean, (1943) 113 Ind.App. 412, 416, 48 N.E.2d 1001, 1003." In Re Marriage of Taylor, supra, at 651.

◾ The statute which was applicable in this case, Ind.Code § 31–1–11.5–11(b), supra, required the trial court to divide the property of the parties in a just and reasonable manner. However, the statute did not provide a specific date of valuation but only identified the property to be divided as that acquired "prior to final separation of the parties." Therefore, it is not within the jurisdiction of the reviewing court to designate a certain date for valuation.[1]

◾ It is well-settled law in Indiana that the trial court has broad discretionary power in determining the amount of property settlements. Loeb v. Loeb, (1973) 261 Ind. 193, 301 N.E.2d 349; Henderson v. Henderson, (1980) Ind.App., 401 N.E.2d 73; In re Marriage of Hirsch, (1979) Ind.App., 385 N.E.2d 193. On review, the court examines the division only for an abuse of discretion. The trial court will be reversed only where the result reached is clearly against the logic and effect of the facts and circumstances before the court, including the reasonable inferences to be drawn therefrom. Loeb v. Loeb, supra; In re Marriage of Dreflak, (1979) Ind.App., 393 N.E.2d 773.

In the instant case, the trial court correctly exercised its discretion in considering

---

1. Ind.Code § 31–1–11.5–11 (Burns Supp.1979):
   "Disposition of Property. (a) In an action pursuant to section 3(a) of this chapter, the court shall divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts, in a just and reasonable manner . . . ."

The 1980 General Assembly amended this statute in order to clarify the ambiguity as to what the date of final separation is by adding the following:

   "(a) For purposes of this section, 'final separation' means the date of filing of the petition for dissolution of marriage under section 3 [31–1–11.5–3] of this chapter." Ind.Code § 31–1–11.5–11 (Burns 1980 Repl.).

The amended section has no retroactive effect on the instant case, however.

the conduct and contribution of the parties toward the acquisition and maintenance of their property both before and after their separation in 1974. The fact that Juanita was awarded all the appreciation of the house after the 1974 separation was supported by the fact that she was responsible for maintaining the home during this period.

As Chief Judge Buchanan stated:

"In the case at bar, the court was unquestionably within its rights to note that for more than five years, Jay Taylor lived away from the Taylor house, and that Juanita had lived in the house, raised her son in it, maintained it, and paid for it. During the separation, under the sole stewardship of Juanita, the house greatly appreciated in value. It was neither unjust nor inequitable for the court to conclude as to that appreciation that since Jay suffered no pains, he should take no gains." *In Re Marriage of Taylor, supra,* at 652.

█ The trial court was not limited to a specific date of valuation in this case, and the evidence shows that the court divided all of the marital property in a just and reasonable manner, under the circumstances. Several factors, including each spouse's contribution in maintaining the property and their conduct and economic circumstances, logically support the trial court's award. Therefore, we find no abuse of discretion in the trial court's division of the property.

## II.

Respondent-appellant has presented four additional issues which were not considered in the Court of Appeals' majority opinion. We find no reversible error on any of these issues. First, respondent argues that the trial court abused its discretion in making the division of property by relying upon the improper factor of retroactive child support. During the period of separation, Jay had paid around $16,000 toward retiring preseparation marital debts. He also continued to pay on credit cards which remained in their joint names, but the record does not show what portion of these payments was for his own debts. The record does show that Jay's income earning capacity was greater than Juanita's although at the time of the final hearing he was out of work, had no savings, and was living on borrowed income. The trial court referred to these payments in its Finding of Fact, No. 21, and stated:

"21. That Respondent has made certain contributions in the form of payments directly to Petitioner and in the form of payment of joint obligations, and said monies are to be considered in satisfaction of his obligation to support the minor son from October 1, 1974 to the present date."

█ Although respondent characterizes this finding as an improper retroactive child support award, we do not find this is actually the case. As petitioner correctly points out, we have long recognized the common law duty and obligation of a father to assist in the support of his minor children. *Crowe v. Crowe,* (1965) 247 Ind. 51, 211 N.E.2d 164; *Bill v. Bill,* (1972) 155 Ind.App. 65, 290 N.E.2d 749. The trial court by its Finding of Fact, No. 21, found that Jay's common law duty and obligation to support his minor child had been satisfied, but this finding did not establish any retroactive child support.

Jay further argues that if his payments during the separation were regarded as a discharge of his obligations as a father, and not as a contribution to the marital estate, this would improperly decrease his share in the final property settlement. We find no abuse of discretion here and agree with Chief Judge Buchanan's analysis:

"The money that Jay paid to Juanita survives in the marital estate only in the form of the elimination of the marital debts. Thus, Jay has already benefited in the distribution of property from the money he paid: by reducing the marital debt, he reduced the possibility of being made responsible for that debt in the dissolution decree." *In Re Marriage of Taylor, supra,* at 653.

### III.

Jay next contends that the trial court abused its discretion in awarding Juanita $500 in attorney fees. He argues that he had very few economic resources at the time of the dissolution proceedings, whereas Juanita did have assets from which payment could be made. However, the record shows that the trial court carefully considered the financial situation of both parties in this case. The record shows that Juanita had substantial indebtedness, her earning abilities were not as great as Jay's, and she was required to borrow money to pay Jay his share of the equity in the marital residence.

Furthermore, as Chief Judge Buchanan succinctly pointed out:

"[O]ne of the factors a trial court may consider in allocating attorney fees is the responsibility one of the parties may bear for the other's incurring such fees. *See Ross v. Ross* (1979), Ind.App., 397 N.E.2d 1066; *Haycraft v. Haycraft* (1978), Ind. App. 375 N.E.2d 252. It appears from the record that during the pendency of the petition for dissolution, Jay entered the marital house in violation of an agreement that he not see Juanita while the petition was pending, and on that occasion battered her to the point of needing medical care. This incident occasioned two petitions for citations of contempt against Jay, and Jay was in fact held in contempt. Such behavior undoubtedly aggravated Juanita's expense in pursuing her petition for dissolution . . . ." *In Re Marriage of Taylor, supra,* at 653–4.

Our statute grants broad discretion to the trial court in awarding allowances for attorney fees. Ind.Code § 31–1–11.5–16 (Burns Supp.1979). The fact that one party has assets from which payment could be made does not, of itself, make an award for that party's benefit improper. *Wendorf v. Wendorf,* (1977) 174 Ind.App. 172, 366 N.E.2d 703; *Brown v. Brown,* (1973) 157 Ind.App. 672, 301 N.E.2d 400. We find the trial court considered the entire economic resources of both parties in this case and there was no abuse of discretion here.

### IV.

Jay next contends that the trial court erred in failing to make a specific finding of fact regarding the sale of the marital residence. He argues that since he requested the residence to be sold as part of the property settlement, it was error for the trial court not to make an explicit finding of fact on this issue. The trial court did make extensive findings of fact which showed that the marital residence was to be awarded to Juanita. It, therefore, was not necessary for the court to make another finding saying that Juanita should not sell the house as this would only be a repetitive or alternative way of stating the previous finding that Juanita should keep the house. There was no error here.

### V.

Jay finally contends that the trial court abused its discretion in failing to order the sale of the marital residence. We find no error here since our statute clearly grants the trial court the authority to set property over to one of the parties. Ind. Code § 31–1–11.5–11, *supra.* Furthermore, as Chief Judge Buchanan stated:

"Trial courts are not required to divide marital property evenly between the parties. *In Re Marriage of Hirsch* (1979), Ind.App., 385 N.E.2d 193. In this case, the Taylors' respective financial conditions are almost entirely the result of their separate dealings and fortunes during the time of their separation. For five years they relied upon their individual luck and skill in managing their finances. Jay had but little to do with Juanita's solvency, and Juanita had but little to do with Jay's insolvency. Juanita had no say in the dealings Jay had during their separation, nor in the risks he took; it was not an abuse of discretion for the trial court to decide that she should not bear the costs of those dealings." *In Re Marriage of Taylor, supra,* at 654.

We find the trial court's division of property in this case was just and reasonable and was supported by the evidence. The trial court did not exceed its judicial discretion. For all of the foregoing reasons, transfer is granted and the opinion of the Court of Appeals is vacated. The judgment of the trial court is in all things affirmed.

GIVAN, C. J., and PIVARNIK, J., concur.

PRENTICE, J., concurs in result.

DeBRULER, J., dissents with opinion.

DeBRULER, Justice, dissenting.

Pursuant to Ind.Code § 31–1–11.5–11, in the form applicable to this appeal, the trial court was under a duty to "divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to the final separation, or acquired by their joint efforts." The trial court, as I view its judgment, deemed the increase in the value of the marital residence which occurred after the parties finally and physically separated, to be excludable from the property of the parties subject to court division. The trial court cannot therefore be accurately said to have awarded that increase of value to the wife at all. The court below was surely in error in treating this increase of value in the manner that it did. All of the right, title, and interest of the parties in and to the marital residence was acquired by them in 1972 at the time of purchase. Cf. *In Re The Marriage of Osborne,* (1977) Ind.App., 369 N.E.2d 653.

The increase in value of the residence which occurred between the final separation of the parties and their dissolution hearing was "property" subject to its dispositional authority. The division of property is based upon a mistaken interpretation and application of the statutory standard for determining what is property of the parties, and as such should not be permitted to stand.