# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**MICHAEL A. WILKINS**
Broyles Kight & Ricafort, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELIZABETH ROGERS**
Deputy Attorney General
Indianapolis, Indiana



FILED

Jan 23 2013, 8:48 am

CLERK
of the supreme court,
court of appeals and
tax court

## IN THE
## COURT OF APPEALS OF INDIANA

D.L., GLEN BLACK, ANN BLACK, )
STEVEN LUCAS, and K.L., by her )
Next Friend, D.L., )
                                    )
    Appellants-Plaintiffs, )
                                    )
          vs. )    No. 79A04-1202-CT-61
                                    )
CHRISTINE HUCK, LAURA ZIMMERMAN, )
ANGELA SMITH GROSSMAN, RHONDA )
FRIEND, ANGYL MCCLAINE, and )
INDIANA DEPARTMENT OF )
CHILD SERVICES, )
                                    )
    Appellees-Defendants. )

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Thomas J. Busch, Judge
Cause No. 79D02-1103-CT-11

**January 23, 2013**

**OPINION ON REHEARING - FOR PUBLICATION**

**ROBB, Chief Judge**

Both D.L. (the "Family") and the Department of Child Services ("DCS") have petitioned for rehearing in our decision dated October 17, 2012. In our opinion, we held that DCS and its workers were not entitled to quasi-judicial immunity for their removal of a child from the home of relatives in whose care she had been placed and who were in the process of adopting her. D.L. v. Huck, 978 N.E.2d 429, 435 (Ind. Ct. App. 2012). We held that the workers and DCS were, however, entitled to statutory immunity under Indiana Code section 31-25-2-2.5. Id. at 436-36. We grant DCS's petition only to clarify the purpose of rehearing, and otherwise affirm our opinion as to DCS in all other respects. We grant the Family's petition in order to re-examine their federal civil rights claims and claims under the Indiana Tort Claims Act.

## I. DCS's Petition

DCS argues that in denying DCS quasi-judicial immunity, we mistakenly assumed that there was no court order authorizing the removal, and DCS now attempts to supplement the record.[1] The new document submitted with the petition for rehearing was not in the record on appeal, nor was it referred to by either of the parties, and it is inappropriate to try to add it now. DCS claims that it is not adding new evidence by adding this document, but that under the proper standard of review we should have affirmed the trial court's dismissal because the Family failed to allege facts that defeat quasi-judicial immunity. In fact, the Family did allege that there was no court order for

---

[1] DCS additionally argues that we mistakenly believed that J.A.W. v. State, 650 N.E.2d 1142 (Ind. Ct. App. 1995), trans. granted, was vacated. Our opinion in J.A.W. was in fact vacated when the supreme court granted transfer; DCS is correct though that the supreme court affirmed our disposition as to all matters other than the one that the supreme court addressed. J.A.W. v. State, 687 N.E.2d 1202, 1203 n.3 (Ind. 1997). However, that does not change our opinion in this case, as we distinguished J.A.W. in our opinion even though transfer had been granted.

K.L.'s removal (both in the complaint and in the appeal), implying that there was no court order before or after the fact—even before they explicitly, at oral argument, alleged that DCS never sought retrospective approval. Moreover, the Family notes in their response that upon a motion to dismiss, the burden was on DCS to prove that it was entitled to dismissal, not on the Family to rebut the motion.

DCS knew that quasi-judicial immunity was an issue on appeal—in fact DCS itself first supplied the notion of quasi-judicial immunity in its memo in support of the motion to dismiss—and yet failed to provide or even refer to this document to the trial court, or to us in its reply on appeal, at oral argument, or by a motion to supplement the record at any time during the appeal. It seems that this is one more example of the ball being dropped by DCS in this case, and DCS may not supplement the record now. A petition for rehearing is not a pathway for re-litigating the case. See Daviess-Martin Cnty. Rural Tel. Corp. v. Pub. Serv. Comm'n, 132 Ind. App. 610, 625 (1961) ("A petition for rehearing should ask for a rehearing only on points which were originally properly presented that were overlooked or improperly decided."). We affirm our original opinion as to DCS in all respects.

## II. The Family's Petition

### A. Statutory Immunity

The Family also petitions for rehearing and first argues that our interpretation of Indiana Code section 31-25-2-2.5 was overly broad and should not have been used to provide immunity to DCS as an entity. However, we specifically noted in our opinion that the statute does not directly apply to DCS and only extended immunity to it in this

3

case because its liability was entirely vicarious. Our opinion did not broaden the immunity granted by the statute, and we take this opportunity to clarify that under other circumstances—i.e. where DCS was directly liable—the statute would not render the entity immune.

The Family also argues that our interpretation of the above statute conflicts with the Indiana Tort Claims Act ("ITCA"), which requires an entity to pay a judgment resulting from an employee's employment, even if the employee is not personally liable. Ind. Code § 34-13-3-5(d). After examining the ITCA, we believe that our interpretation of Indiana Code section 31-25-2-2.5 is not in conflict. However, our overall disposition was not written with the ITCA in mind, and we now revise our opinion to allow the Family to move forward with the portions of their suit that are viable under the ITCA.

It appears that Indiana Code section 31-25-2-2.5 and the ITCA are two separate but related statutes. Section 31-25-2-2.5 would by extension grant immunity to DCS where its only liability was vicarious, if the employee were granted immunity; but as clarified above, it would not grant the entity immunity where the entity was directly liable. The ITCA provides certain immunities and limits as well, but it explicitly allows vicarious liability even where suit against an employee is barred. Read together, a suit against DCS as an entity should be allowed to proceed even if vicarious and even if suit against the employee is barred, but only for those claims that fall within the ITCA; all other vicarious liability against DCS would be extinguished under section 31-25-2-2.5. We therefore grant the Family's petition to proceed with claims that fall under the ITCA.

## B. Federal Civil Rights Claims

The Family next argues that their federal civil rights claims should not have been dismissed. They point to a statute that requires entities to pay for judgments resulting from the violation of civil rights by their employees, Indiana Code section 34-13-4-1. However, that statute applies to employees who are "or could be subject to personal civil liability" for the loss. Id. Because the employees here are immune from personal liability, this statute is not relevant. However, under the supremacy clause, any state-granted immunity would not provide protection for § 1983 claims, and so we grant the Family's petition to proceed with their federal civil rights claims.

## C. The Grandfather's Standing

Finally, the Family argues that the grandfather, Steven, should have standing to assert a claim for DCS's failure to comply with a statute that requires DCS to consider blood relatives for out of home placement before placing a child with non-relatives. Ind. Code § 31-34-15-4. We mentioned the statute in our opinion but nonetheless determined that Steven did not have standing because he did not have a liberty interest in maintaining his relationship with the child. In their petition, the Family argues that because the statute is in derogation of the common law, the legislature has given blood relatives a right they do not normally have and therefore Steven should be able to "seek redress for violation of a right created by the legislature." Appellants' Petition for Rehearing at 6.

While it is true that in general one should have standing to claim a violation of a right that the legislature has created, it is not clear here what either the remedy would be or the injuries are, where DCS should have considered him for placement, but was under

5

no obligation to actually <u>place</u> the child with Steven. Further, the statute says that DCS "<u>shall consider</u> whether a child in need of services should be placed with the child's <u>suitable</u> and willing blood or adoptive relative caretaker," and so there is the question of who is suitable, and whether, assuming DCS did not consider Steven, it was because they felt he was not suitable. Ind. Code § 31-34-15-4(3) (emphasis added). Despite the "shall" language, the relevant sub-section of the statute reads more as a guideline than a concrete rule under which a relative who had no other standing could bring suit.

Additionally, in their complaint the Family alleges that, shortly after the child was removed, Steven asked DCS if he could take custody of her, and was told that he would not be considered for an adoptive placement because he was naïve to believe that the uncle had not abused his daughter. That suggests that DCS did consider Steven, but did not find him to be suitable. Therefore, it appears that the grant of the motion to dismiss was appropriate for this issue because under the facts as alleged, DCS must have "considered" Steven for placement in the sense that it thought about whether it would be appropriate to place the child with him. We decline to revise our opinion with regard to Steven's standing.

## Conclusion

We grant DCS's petition for rehearing for the limited purpose of reminding counsel that relevant documents must be made a part of the record on appeal, and the record may not be supplemented on rehearing.

We grant the Family's petition for rehearing in order to clarify our reading of Indiana Code section 31-25-2-2.5; to allow tort claims against DCS to proceed under a

theory of vicarious liability, within the ITCA; and to allow federal civil rights claims to proceed.

We affirm our original opinion as to all matters not revised here.

BRADFORD, J. and PYLE, J., concur.