# FOR PUBLICATION



ATTORNEYS FOR APPELLANT:

**F. STEPHEN SHEETS**
**STEVEN T. CHARLES**
F. Stephen Sheets & Associates
Evansville, Indiana

ATTORNEY FOR APPELLEE:

**CRYSTAL SPIVEY WILDEMAN**
Kahn, Dees, Donovan & Kahn, LLP
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF HARRY L. TILLMAN, | ) ) ) | |
| Appellant, | ) ) | |
| vs. | ) ) | No. 87A05-1212-DR-619 |
| R. VIRGINIA TILLMAN, | ) ) | |
| Appellee. | ) | |

APPEAL FROM THE WARRICK SUPERIOR COURT
The Honorable Keith A. Meier, Judge
Cause No. 87D01-1206-DR-812

**July 3, 2013**

**OPINION – FOR PUBLICATION**

**MATHIAS, Judge**

Harry Tillman ("Husband"), by guardian Deborah Wagner ("Wagner"), appeals the Warrick Superior Court's dismissal of his petition for dissolution of marriage from his wife, Virginia Tillman ("Wife"). Through his guardian Wagner, Husband argues that both the trial court's ruling and the currently controlling law in Indiana are inconsistent with Indiana's no-fault approach to dissolution of marriage.

We affirm.

## Facts and Procedural History

Husband and Wife married on June 3, 1998. Both parties had been previously married. A few days prior to their marriage, Husband and Wife entered into a prenuptial agreement where Husband agreed to provide for Wife, during their marriage, "reasonable support, care, and maintenance." Appellant's App. p. 15.

Approximately ten years later, on April 14, 2008, Husband suffered a stroke. Thereafter, on July 2, 2008, the Vanderburgh Superior Court found Husband to be incapacitated and appointed Wagner, his daughter, guardian over Husband's person and estate. Later that month, Wagner placed Husband in a nursing home in Warrick County, Indiana.

On May 3, 2012, Jeffrey Finney ("Finney"), guardian of incapacitated Wife,[1] filed on her behalf a petition to enforce provisions of the prenuptial agreement in Vanderburgh Superior Court. On June 14, 2012, Wagner filed a petition for dissolution of marriage on Husband's behalf in Warrick Superior Court. Finney objected to the petition and filed a motion to dismiss pursuant to Indiana Trial Rules 12(B)(1) and 12(B)(6).

---

[1] Wife is "incapacitated under guardianship in Illinois." Tr. p. 7.

2

Wagner twice amended the petition for dissolution, asserting the insanity of both Husband and Wife. On October 3, 2012, a hearing was held, during which the parties stipulated that Husband is insane under Ballentine's Law Dictionary's definition of insanity.[2] Husband's counsel also reported that expenses for Husband's care totaled around seven thousand dollars per month and that Husband's assets would be depleted in less than two years. Husband's counsel further stated that the nursing home in which Husband resided at the time did not accept Medicaid and that, when Husband exhausted his funds, he would be forced into an institution that accepts Medicaid. Husband's counsel asserted, "it is vital that [Husband] remain in the present place and that he have assets sufficient for as long a time as possible to remain where he is and get the care that he's getting now." Tr. p. 21.

On November 26, 2012, the trial court granted Wife's motion to dismiss, citing a 1951 Indiana Supreme Court case, Quear v. Madison Circuit Court, 99 N.E.2d 254 (Ind. 1951). Wagner, on Husband's behalf, now appeals.

**Discussion and Decision**

Although the trial court's order dismissing this case does not specify whether it was granted under Indiana Trial Rule 12(B)(1) or (6), the trial court clearly had, and we on appeal have, subject matter jurisdiction over the parties' claims. We therefore review the trial court's order under Indiana Trial Rule 12(B)(6).

Indiana Trial Rule 12(B)(6) tests the legal sufficiency of a claim, rather than the facts supporting it. City of South Bend v. Century Indem. Co., 821 N.E.2d 5, 9 (Ind. Ct.

---

[2] Ballentine's Law Dictionary defines "insanity" as "such a degree of mental incapacity as renders one unable to understand and deal with the common affairs of life." Tr. p. 16.

App. 2005), trans. denied. We review a trial court's grant or denial of a Trial Rule 12(B)(6) motion to dismiss *de novo*, viewing the complaint in the light most favorable to the non-moving party and drawing every reasonable inference in favor of that party. Town of Plainfield v. Town of Avon, 757 N.E.2d 705, 710 (Ind. Ct. App. 2001), trans. denied. We must stand in the trial court's shoes, looking only at the complaint itself, and determine whether the trial court erred when it applied the law. City of South Bend, 821 N.E.2d at 9; D.L. v. Huck, 978 N.E.2d 429, 432-33 (Ind. Ct. App. 2012) aff'd on reh'g, 984 N.E.2d 223 (Ind. Ct. App. 2013). Where it is clear that the facts alleged in the complaint are insufficient to support relief under any set of circumstances, the trial court's grant of the motion to dismiss is proper. D.L., 978 N.E.2d at 432.

Here, Husband argues that the trial court's decision to grant Wife's motion to dismiss was improper because controlling Indiana case law, which prohibits a guardian from filing for dissolution of marriage on behalf of the incapacitated person, is "no longer consistent with the current Indiana policy on divorce as reflected in the 'no fault' Indiana law of Dissolution of Marriage and Separation." Appellant's Br. at 5. He further claims that the guardianship powers enumerated in Indiana's probate statute are to be viewed as "examples of a guardian's power" rather than a circumscription of that power. Appellant's Br. at 8.

In its 1951 decision, State ex rel. Quear v. Madison Circuit Court, the Indiana Supreme Court declared, "[a]n insane person cannot bring an action for divorce because he cannot consent to the filing of the complaint." 99 N.E.2d 254, 256 (Ind. 1951). The

4

court further held, "[n]or do the statutes on divorce or guardianship authorize the institution of a suit for divorce by the guardian on behalf of his ward." Id.

The court emphasized that "[t]he right to divorce is not a common law right, but depends upon legislative enactments," and noted that Indiana law provided no statutory authority which would allow a guardian to bring an action for dissolution on behalf of an incapacitated person. Id. Our supreme court concluded, "[s]ince neither the statutes defining the powers of guardians nor the statutes on divorce authorize a guardian to prosecute an action for divorce, whether absolute or limited, the trial court had no jurisdiction to entertain the action in this case." Id. at 257.

Today's actions to dissolve a marriage are governed by Indiana Code Title 31, Article 15. A party who seeks to initiate a dissolution of marriage proceeding must file a verified petition for dissolution setting forth, among other things, the residence of each party, the dates of marriage and separation, the grounds for dissolution, and the relief sought. Ind. Code § 31-15-2-5.

Pursuant to Indiana Code section 29-3-8-4, the guardian of an incapacitated person has the power take action and make decisions for the benefit of the incapacitated person. For example, the guardian may "invest and reinvest the property of the protected person," may exercise control over the incapacitated person's business or income, and, if reasonable, may "delegate to the protected person certain responsibilities for decisions affecting the protected person's business affairs and well-being."

Neither the current Indiana statutes governing dissolution of marriage nor those governing the guardianship of incapacitated persons provide a means for the guardian of

5

an incapacitated person to file a petition for dissolution of marriage on behalf of the incapacitated person. The facts of the present case are parallel to the facts of <u>Quear</u> in this regard. In this case, both Husband and Wife are incapacitated and neither are competent to consent to the filing of a dissolution petition. Since Indiana statute does not provide guardians of incapacitated persons the authority to petition for dissolution of marriage on the incapacitated person's behalf, the trial court's dismissal of the motion Wagner filed on Husband's behalf was proper.

Husband argues that the <u>Quear</u> decision is "no longer consistent" with Indiana's no fault divorce policy. He further asserts that certain provisions of the guardianship statute[3] can be read to allow a guardian to file for dissolution of marriage on behalf of his ward. While Husband would have us read these statutes broadly, we decline the invitation to contravene our supreme court's holding in <u>Quear</u>.

We acknowledge that <u>Quear</u> was decided more than sixty years ago, in 1951. Some might argue that the intervening decades of higher and higher divorce rates and the creation of federal and state programs to assist the elderly have radically changed civil society's notions concerning what the vows of "for better and for worse" mean. Therefore, for some, this might seem an appropriate time to revisit <u>Quear</u>. But <u>Quear</u> relied on the public policy pronouncements of the General Assembly within Indiana's divorce and guardianship statutes, and those statutes have not changed appreciably regarding the issue before us since <u>Quear</u>. For example, the General Assembly has yet to provide to a guardian the statutory authority to file for dissolution of marriage on behalf

---

[3] Husband points to, among others, a provision that sets forth a guardian's duty to "protect and preserve the property of the protected person." Ind. Code § 29-3-8-3.

6

of the incapacitated person.  And <u>Quear</u> has not been modified, let alone overruled, by any subsequent supreme court decision.  Therefore, <u>Quear</u> remains controlling law in Indiana and controls the result in this case.

## Conclusion

For these reasons, we conclude that the trial court acted within its discretion when it granted Wife's motion to dismiss.

Affirmed.

BAKER, J., and MAY, J., concur.