

**FILED**

Oct 24 2013, 5:20 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BESSIE M. DAVIS**
Gary, Indiana

ATTORNEY FOR APPELLEE:

**JEANNE KELLY**
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF<br>LEORA MCGEE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 45A04-1301-DR-33 |
| | ) | |
| ROBERT MCGEE, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Elizabeth Tavitas, Judge
Cause No. 45D03-1208-DR-639

**October 24, 2013**

**OPINION – FOR PUBLICATION**

**MATHIAS, Judge**

Leora McGee ("Wife") appeals the Lake Superior Court's grant of the petition for dissolution of marriage filed by the co-guardians of Robert McGee ("Husband") on Husband's behalf. Wife presents several issues on appeal, but we address a single dispositive issue, namely, whether the trial court erred in granting the petition where Indiana statute provides no authorization for a guardian to file a petition for dissolution on behalf of his or her ward.

We reverse.

**Facts and Procedural History**

Husband and Wife married on October 14, 2009 and lived together as a married couple until the spring of 2012. At that time, while Wife was in the hospital, Husband's daughters, the future co-guardians, Sharon Hilton ("Hilton") and Judith Kalajian ("Kalajian") moved Husband to a nursing home in Michigan and called Wife at the hospital to explain what they had done. On June 28, 2012, Husband's daughters were appointed co-guardians of Husband's person and estate.

On August 2, 2012, Hilton and Kalajian filed, on Husband's behalf, a petition for dissolution of marriage. Wife filed a counter-petition on August 24, 2012. On November 1, 2012, a final hearing was held. Husband appeared by counsel and by co-guardian Hilton, and Wife appeared in person and by counsel. At the hearing, Hilton testified that it was her belief that Husband's marriage with Wife was irretrievably broken. Wife, on the other hand, testified that the marriage "was never broken. We have a good marriage." Tr. p. 9. On November 7, 2012, the trial court issued an order

2

granting the petition for dissolution of marriage filed by Husband's co-guardians on his behalf. Wife now appeals.

## Discussion and Decision

Although Wife asserts, as her basis for appeal, that the trial court lacked subject matter jurisdiction over Husband's co-guardians' petition for dissolution, the trial court did have, and we likewise have on appeal, subject matter jurisdiction over the present case. Therefore, rather than reviewing for lack of subject matter jurisdiction, we examine whether the trial court's order complies with this court's recent interpretation of the Indiana statute regarding the alleged authority of a guardian to commence and prosecute dissolution proceedings on behalf of a ward.

The right to dissolve a marriage is not a common law right; rather it is a purely statutory right. Therefore, a petition to dissolve a marriage can only be brought in the manner and within the limitations prescribed by statute. See State ex rel. Quear v. Madison Circuit Court, 229 Ind. 503, 99 N.E.2d 254, 256 (1951) (providing that "[t]he right to divorce is not a common law right, but depends upon legislative enactments").

When deciding questions of statutory interpretation, appellate courts need not defer to a trial court's interpretation of the statute's meaning. Elmer Buchta Trucking, Inc. v. Stanley, 744 N.E.2d 939, 942 (Ind. 2001). Rather, we independently review the statute's meaning and apply it to the facts of the case under review. Id. Our court will not read into a statute that which is not the manifest intent of the General Assembly. Id. Thus, it is as important to recognize what a statute does not say as it is to recognize what

3

it does say. Robinson v. Gazvoda, 783 N.E.2d 1245, 1250 (Ind. Ct. App. 2003), trans. denied.

In State ex rel. Quear v. Madison Circuit Court, our supreme court clearly and decisively addressed the question of whether a guardian could file a petition for dissolution on behalf of the ward. It declared that "[t]here is no statutory authorization in any of the acts providing for the appointment of a guardian which would authorize a guardian to prosecute an action for divorce" and, further, that "[a]n insane person cannot bring an action for divorce because he cannot consent to the filing of the complaint." Quear, 229 Ind. at 506, 99 N.E.2d at 256-57.

Husband's co-guardians argue that the rule set forth in Quear has the effect of "[p]rohibiting a guardian from bringing action to dissolve the marriage on behalf of his incapacitated ward [which] causes the guardian to be in conflict with his oath to preserve the property and protect the health and welfare of their incapacitated ward." Appellee's Br. at 5. While this claim is carefully expressed in terms of the co-guardians' responsibility to Husband, their ward and father, there is no evidence in the record of any competent expression of Husband desiring anything other than his continued marriage to Wife, and Wife clearly desires to remain married to Husband, whether he is competent or not. The real reason for the co-guardians' claims considers neither the love of Husband and Wife, nor their vows of "for better and for worse." For good reason, and as our supreme court made clear in Quear, and as re-emphasized in this court's recent opinion, Marriage of Tillman v. Tillman, 87A05-1212-DR-619, 2013 WL 3376920 (Ind. Ct. App.

4

July 3, 2013), <u>trans. denied</u>, the right to divorce is a legislatively-created right, not a judicially-created right.

While the statutes governing dissolution and guardianship in Indiana have evolved since 1951, when <u>Quear</u> was decided, it is still the case today that neither the current Indiana statutes governing dissolution of marriage nor those governing the guardianship of incapacitated persons provide a means for a guardian to file a petition for dissolution of marriage on behalf of his or her ward. Dissolution of marriage actions in Indiana are governed by Indiana Code Title 31, Article 15, which provides that a party who seeks to initiate a dissolution of marriage proceeding must file a verified petition for dissolution. Ind. Code § 31-15-2-5. Indiana Code section 29-3-8-4 provides that the guardian of an incapacitated person may take action and make decisions for the benefit of the incapacitated person. For example, the guardian may "invest and reinvest the property of the protected person," may exercise control over the incapacitated person's business or income, and, if reasonable, may "delegate to the protected person certain responsibilities for decisions affecting the protected person's business affairs and well-being." Neither statute, however, provides the guardian with the right to file a petition for dissolution on behalf of the incapacitated person. In a world full of subsequent marriages and available pre-nuptial agreements, we will not read into a statute such a sweeping and potentially overreaching authority, authority that is not the clearly expressed intent of the General Assembly.

Therefore, since Indiana statute does not provide guardians with the authority to petition for dissolution of marriage on the ward's behalf, the trial court's grant of the petition for dissolution Hilton and Kalajian filed on Husband's behalf was improper.

## Conclusion

For all of these reasons, we conclude that the trial court erred by granting the petition for dissolution filed by co-guardians Hilton and Kalajian on behalf of their ward, Husband.

Reversed.

NAJAM, J., and BROWN, J., concur.