# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**EDWARD P. GRIMMER**
**DANIEL A. GOHDES**
Edward P. Grimmer, P.C.
Crown Point, Indiana



FILED
Feb 17 2014, 7:16 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NORTHERN INDIANA PUBLIC SERVICE COMPANY, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1307-SC-254 |
| | ) | |
| EDWARD A. SLOAN, DASHAWN L. COLE, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Sheila M. Moss, Judge
The Honorable Kathleen M. Belzeski, Magistrate
Cause No. 45D08-0710-SC-5732

**February 17, 2014**

**OPINION - FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Northern Indiana Public Service Company ("NIPSCO") appeals the trial court's orders reinstating the driving privileges of Edward Sloan and Dashawn Cole (collectively "the Appellees"). We affirm.

**Issues**

NIPSCO raises three issues, which we restate as:

    I.     whether the trial court properly interpreted Indiana Code Section 9-25-6-6;

    II.    whether equity required denial of the Appellees' requests for the reinstatement of their driving privileges; and

    III.   whether the trial court properly considered the Bureau of Motor Vehicle's procedures when ruling on this case.

**Facts**

In 2009, NIPSCO filed a small claims complaint against Sloan alleging that he damaged NIPSCO's property in a car accident, causing $435.07 in damages. NIPSCO was awarded treble damages in the amount of $1,305.21, attorney fees in the amount of $1,500.00, and costs. On December 23, 2012, Sloan's driving privileges were suspended because of his failure to satisfy the judgment. On February 4, 2013, Sloan filed a letter with the trial court requesting that an installment payment plan be worked out, and this letter was forwarded to NIPSCO. On March 5, 2013, Sloan filed another letter requesting a hearing on the matter. This letter was also forwarded to NIPSCO. A hearing was held on May 14, 2013, at which NIPSCO objected to the reinstatement of Sloan's driving

2

privileges.[1]  On June 10, 2013, the trial court issued an order reinstating Sloan's driving privileges.  The trial court ordered Sloan to comply with all of the provisions of Indiana Code 9-25-6-6, including providing proof of financial responsibility for the next three years to the Bureau of Motor Vehicles ("BMV"), the trial court, and NIPSCO, and to pay $50 per month until the judgment was paid in full or until further order of the court.

Similarly, in 2007, NIPSCO and Cole entered into an agreed judgment in the amount of $4,765.83 plus costs and, on January 13, 2009, Cole's driving privileges were suspended for failing to pay the judgment.  On April 2, 2013, Cole requested a hearing on the reinstatement of his driving privileges, and a hearing was held on April 9, 2013.  NIPSCO attended the hearing and objected to the reinstatement of Cole's driving privileges.  On June 10, 2013, the trial court issued an order reinstating Cole's driving privileges.  The trial court ordered Cole to comply with all of the provisions of Indiana Code 9-25-6-6, including providing proof of financial responsibility for the next three years to the BMV, the trial court, and NIPSCO, and to pay $50 per month until the judgment was paid in full or until further order of the court.  NIPSCO appealed the reinstatement of the Appellees' driving privileges, and the cases were consolidated on NIPSCO's motion.

---

[1]  A notice of completion of the transcript was filed under each appellate cause number before the cases were consolidated.  However, only one volume of transcript relating to Cole's hearing was transmitted to this court.  Because NIPSCO included a transcript of Sloan's hearing in its appendix, we were able to review the transcripts of both hearings.

**Analysis**

As an initial matter, neither Sloan nor Cole has filed an appellee's brief. Under these circumstances, we do not undertake to develop the Appellees' arguments. Morton v. Ivacic, 898 N.E.2d 1196, 1199 (Ind. 2008). Instead, we may reverse upon NIPSCO's prima facie showing of reversible error. See id. In this context, prima facie error is defined as, "'at first sight, on first appearance, or on the face it.'" Id. (citation omitted).

### I. *Statutory Interpretation*

NIPSCO argues that the reinstatement of the Appellees' driving privileges was not statutorily permitted. Statutory interpretation is a question of law, which is reviewed de novo. Mertz v. Mertz, 971 N.E.2d 189, 195 (Ind. Ct. App. 2012), trans. denied. We first determine whether the language of the statute is clear and unambiguous. Id. "If it is, we will not apply any rules of construction other than to require that words and phrases be given their plain, ordinary, and usual meanings." Id. If a statute is susceptible to more than one interpretation, it is deemed ambiguous and open to judicial construction, and we will attempt to determine and give effect to the intent of the legislature. Id. We read the provisions of a statute together so that no part is rendered meaningless if it can be harmonized with the remainder of the statute and presume that a statute is to be applied in a logical manner. Id.

The Appellees' driving privileges were suspended pursuant to Indiana Code Section 9-25-6-4(c) (2013),[2] which provides, "The bureau[3] shall suspend for a period of

---

[2] Effective July 1, 2013, Indiana Code Section 9-25-6-4 was amended pursuant to P.L. 59-2013. The amendment was not substantive.

4

not more than seven (7) years from the date of judgment the driving privileges of a person upon receiving a verified report that the person has failed for a period of ninety (90) days to satisfy a judgment." "Judgment" is defined as "a judgment in excess of two hundred dollars ($200) for bodily injury, death, or property damages arising out of the use of a motor vehicle upon a public highway." Ind. Code § 9-25-6-4(b) (2013).

Indiana Code Section 9-25-6-6, which pertains to the reinstatement of driving privileges, provides:

> (a) The bureau may not suspend the driving privileges of a person and shall reinstate the driving privileges of a person following nonpayment of a judgment whenever a judgment debtor does the following:
>
>> (1) Gives proof that the judgment debtor will maintain financial responsibility in the future for at least three (3) years following reinstatement.
>>
>> (2) Obtains an order from the trial court in which the judgment was rendered permitting the payment of the judgment in installments, unless the payment of an installment is in default.
>
> (b) A judgment debtor, upon five (5) days notice to the judgment creditor, may apply to the trial court in which the judgment was obtained for the privilege of paying the judgment in installments. The court, in the court's discretion and without prejudice to other legal remedies the judgment creditor may have, may order the payment of the judgment in installments, fixing the amounts and times of payment of the installments.
>
> (c) Except as provided in subsection (d), if the judgment debtor fails to pay an installment as permitted by the order of the court, upon notice of the default the bureau shall suspend the driving privileges of the judgment debtor. The bureau

---

[3] "Bureau" refers to the BMV. See Ind. Code § 9-13-2-16.

may not take action for failure to make installment payments for judgments entered at least seven (7) years after the date of the accident. Suspended driving privileges may not be reinstated until evidence of proof of future financial responsibility is presented.

(d) Notwithstanding a default by the judgment debtor in the payment of a judgment or the payment of an installment under subsection (b), whenever the judgment creditor consents in writing, in the form the bureau prescribes, that the judgment debtor be allowed driving privileges and registration, the driving privileges and registration may be allowed by the bureau at the bureau's discretion. The driving privileges and registration may be renewed until the consent is revoked in writing if the judgment debtor furnishes proof under this article that the judgment debtor will maintain financial responsibility in the future for at least three (3) years following reinstatement.

NIPSCO first contends that, because driving privileges may not be suspended for more than seven years pursuant to Indiana Code Section 9-25-6-4, "[a] practical reading of I.C. 9-25-6-6(a)(2), congruous with the seven year statutory limitation placed on the suspension of driving privileges, requires that the trial court's reinstatement order be based upon installments sufficient to pay the judgment no later than the seventh anniversary of the judgment. . . ." Appellant's Brief (Sloan) p. 10. According to NIPSCO, Indiana Code Section 9-25-6-6(a)(2) requires the installment payments to be calculated to result in the payment of the judgment in full during the suspension period.

Indiana Code Section 9-25-6-6 is clear and unambiguous, and its plain language does not include such a time limit on the installment payments. A judgment debtor is only required to obtain an order from the trial court "permitting the payment of the judgment in installments . . . ." I.C. § 9-25-6-6(a)(2). Had the Legislature intended to

6

impose a time limit on the installment payments it could have done so. See McGee v. McGee, 998 N.E.2d 270, 271 (Ind. Ct. App. 2013) ("[I]t is as important to recognize what a statute does not say as it is to recognize what it does say."). If we were to interpret the statute in the manner in which NIPSCO suggests, we would be adding a requirement to the statute that is not there. We cannot and will not do that. See id. at 272.

NIPSCO's proposed reading of the statute also ignores the clear language of Indiana Code Section 9-25-6-6(b), which provides in part, "The court, in the court's discretion and without prejudice to other legal remedies the judgment creditor may have, may order the payment of the judgment in installments, fixing the amounts and times of payment of the installments." This language clearly vests trial courts with broad discretion in crafting the amounts and timing of the installment payments.

This holding is consistent with Mertz. In that case, we addressed a similar argument regarding Indiana Code Section 31-16-12-11, which permits a trial court to stay an order suspending the driving privileges of a delinquent child support payor if "an income withholding order . . . is implemented and a payment plan to pay the arrearage is established." In Mertz, the trial court reinstated the father's driving privileges upon his plan to pay one-half of his income toward child support, education expenses, and his substantial arrearage. Mertz, 971 N.E.2d at 195. On appeal, the mother argued that "only a plan that is reasonably calculated to remedy the arrearage in full should be considered sufficient to lift the sanction." Id. We rejected the mother's argument and held that Indiana Code Section 31-16-12-11 is clear and unambiguous and does not impose any constraints upon the plan. Id. at 195-96. We concluded, "the sufficiency of a

7

plan offered by an obligor is best determined by a trial court, which is well-versed in the specific facts of a case." Id. at 196.

NIPSCO's attempt to distinguish the "installment" language of Indiana Code Section 9-25-6-6 from the "payment plan" language and "income withholding order" requirement of Indiana Code Section 31-16-12-11 is unavailing. Notwithstanding the different terms, a plain reading of Indiana Code Section 9-25-6-6 clearly gives trial courts the ability to issue an order "permitting the payment of the judgment in installments" and vests the trial court with the discretion regarding "the amounts and times of payment of the installments." Accordingly, NIPSCO has not established that the trial court erred as a matter of law when it permitted the Appellees to make installment payments of $50.00 per month even if the plan would not result in the payment of the judgment in full during the suspension period.

NIPSCO also argues that the Appellees failed to meet other statutory requirements, barring reinstatement of their driving privileges. First, NIPSCO asserts that the Appellees were required to prove to the trial court at the reinstatement hearing that they would maintain financial responsibility for at least three years. NIPSCO, however, cites no legal authority that proof of financial responsibility was to be submitted to the trial court at the hearing. In fact, Indiana Code Section 9-25-6-6(a) provides:

> (a) The bureau may not suspend the driving privileges of a person and shall reinstate the driving privileges of a person following nonpayment of a judgment whenever a judgment debtor does the following:

8

(1) Gives proof that the judgment debtor will maintain financial responsibility in the future for at least three (3) years following reinstatement.

(2) Obtains an order from the trial court in which the judgment was rendered permitting the payment of the judgment in installments, unless the payment of an installment is in default.

The statute simply does not require a judgment debtor to prove financial responsibility to the trial court at the reinstatement hearing. Instead, it appears that the BMV is charged with reinstating driving privileges when the debtor gives proof of financial responsibility and obtains an order from the trial court permitting installment payments. Even if a judgment debtor is required to give such proof to the trial court, in its orders reinstating the Appellees' driving privileges, the trial court required the Appellees to provide proof of financial responsibility to the BMV, the trial court, and NIPSCO. Accordingly, the trial court's orders did not run afoul of Indiana Code Section 9-25-6-6(a).

NIPSCO also argues that the Appellees failed to file proposed plans at least five days prior to the hearing. Indiana Code Section 9-25-6-6(b) provides in part, "A judgment debtor upon five (5) days notice to the judgment creditor, may apply to the trial court in which the judgment was obtained for the privilege of paying the judgment in installments." As an initial matter, because NIPSCO did not raise this issue to the trial court, it cannot raise it for the first time on appeal. See Einhorn v. Johnson, 996 N.E.2d 823, 828 n.4 (Ind. Ct. App. 2013) (finding waiver where a party failed to make an argument to the trial court).

9

Waiver notwithstanding, the statute simply does not require a detailed installment plan be submitted by the judgment debtor prior to the hearing. The Appellees each filed letters with the trial court indicating their desire to set up a payment plan, and these letters were forwarded to NIPSCO's attorney at least five days before the hearings. NIPSCO had notice of the hearings and, in fact, attended the hearings and objected to the reinstatement of the Appellees' driving privileges. Thus, any error in the failure to comply with the notice requirement was harmless and must be disregarded. See Ind. Trial Rule 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.").

Finally, NIPSCO contends that the reinstatement of Sloan's driving privileges was prohibited because Indiana Code Section 9-25-6-6(a)(2) allows a judgment debtor to obtain an order "permitting the payment of the judgment in installments, unless the payment of an installment is in default." In 2010, a "payment agreement order" between Sloan and NIPSCO was filed with the trial court in which Sloan agreed to pay $10.00 per month until the judgment was paid in full. App. (Sloan) p. 64. Even if Sloan did not make payments pursuant to the 2010 agreement, that agreement, although approved by the trial court, was not issued by the trial court in connection with the petition for reinstatement as contemplated by Indiana Code Section 9-25-6-6(b). In fact, the agreement was filed with the trial court two and half years before Sloan's license was suspended. Thus, we are not convinced that Sloan was in default as contemplated under Indiana Code Section 9-25-6-6(a)(2).

In fact, taking NIPSCO's argument to its logical conclusion, by entering into the 2010 agreement, well before his license was even suspended, and defaulting on that agreement, Sloan's driving privileges could not be reinstated even with NIPSCO's consent because he would not have been in default of "the payment of an installment under subsection (b)." I.C. § 9-25-6-6(d). We decline to adopt such a strained reading of Indiana Code Section 9-25-6-6 because, although NIPSCO objected to the reinstatement of Sloan's driving privileges, other judgment creditors would likely view the reinstatement of a judgment debtor's driving privileges favorably because it increases the likelihood of payment. Thus, NIPSCO has not made a prima facie showing that the trial court was prohibited from issuing an order permitting the payment of the judgment in installments.[4]

## II. Equity

NIPSCO argues that the reinstatement of the Appellees' driving privileges is inequitable.

> As a general proposition, a trial court has full discretion to fashion equitable remedies that are complete and fair to all parties involved. However, our courts generally will not exercise equitable powers when an adequate remedy at law exists. Equity has power, where necessary, to pierce rigid statutory rules to prevent injustice. But where substantial justice can be accomplished by following the law, and the parties' actions are clearly governed by rules of law, equity follows the law.

---

[4] Because of our holding, we need not address NIPSCO's argument that the small claims rules did not allow the trial court to ignore the plain language of Indiana Code Section 9-25-6-6.

11

Porter v. Bankers Trust Co. of California, N.A., 773 N.E.2d 901, 908 (Ind. Ct. App. 2002) (citations omitted).

Here, the suspension and reinstatement of driving privileges is governed by statute, which gives the trial court discretion to craft installment payments and reinstate a judgment debtor's driving privileges. NIPSCO argues that denying the request for reinstatement of driving privileges sends the message that "[u]ntil a victim is or will be fully compensated, the victimizer is not to drive lawfully." Appellant's Br. (Sloan) p. 23. This argument overlooks the concerns addressed by the trial court at the hearings that the reinstatement of driving privileges generally improves a judgment debtor's ability pay a judgment or, at the very least, incentivizes the judgment debtor to make the installment payments. Because NIPSCO is more likely to get paid if the Appellees' driving privileges are reinstated, substantial justice is accomplished by following the law. Thus, the trial court properly rejected NIPSCO's equity arguments.

### III.  BMV Procedures

NIPSCO argues that the trial court improperly considered information outside the record when, at Sloan's hearing, the trial court indicated it had contacted the BMV to determine how proof of financial responsibility is verified. At the hearing, NIPSCO asserted that the issue of proving financial responsibility was not moot regardless of BMV procedures and that Sloan had not met his burden of proving financial responsibility. NIPSCO, however, did not object to the trial court contacting the BMV. Thus, this issue is waived. See Einhorn, 996 N.E.2d at 828 n.4.

12

Waiver notwithstanding, NIPSCO loses the argument. Although NIPSCO asserts that the trial court shifted its role as a neutral arbiter to an investigative fact finder, pursuant to Indiana Code Section 9-25-6-6(a)(1), it is the BMV who is responsible for reinstating driving privileges after the judgment debtor gives proof of responsibility, not the trial court. Moreover, the trial court's orders required the Appellees to provide proof of responsibility to the BMV, the trial court, and NIPSCO, avoiding the possibility that the Appellees would fail to provide the necessary proof of financial responsibility. Thus, it is difficult see what, if any harm, came from the trial court contacting the BMV regarding its procedures.

**Conclusion**

NIPSCO has not made a prima facie showing that the trial court erred in its interpretation of Indiana Code Section 9-25-6-6 or that equity requires the continued suspension of the Appellees' driving privileges. NIPSCO waived its argument regarding the trial court's contacting the BMV by failing to object to that procedure during the hearing. We affirm.

Affirmed.

ROBB, J., and BROWN, J., concur.