## FOR PUBLICATION



**FILED**
Mar 19 2014, 6:43 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JILL A. GONZALEZ**
Muncie, Indiana

ATTORNEY FOR APPELLEES:
J.D.A. & B.A.[1]

**MARK R. REGNIER**
Bingham Farrer & Wilson, PC
Elwood, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

D.C., JR.,                              )
                                    )
   Appellant-Petitioner,         )
                                    )
      vs.           )
                                    )
C.A.,                                   )   No. 48A05-1305-JP-265
                                    )
   Appellee-Respondent,          )
                                    )
J.D.A. and B.A.,                        )
                                    )
   Appellees-Intervenors.        )

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Thomas Newman. Jr., Special Judge
Cause No. 48D04-1102-JP-32

**March 19, 2014**

**OPINION - FOR PUBLICATION**

**KIRSCH, Judge**

---

[1] On appeal, no attorney entered an appearance on C.A.'s behalf.

D.C., Jr. ("Father") appeals from the Madison Circuit Court's order denying his Petition for Change of Custody of his son, C.C. Concluding that Father's appeal was not timely filed, we dismiss this appeal.

**FACTS AND PROCEDURAL HISTORY**

On February 7, 2011, C.A. ("Mother") gave birth to C.C. out of wedlock and shortly thereafter C.C. began living with his maternal grandparents, J.D.A. and B.A. ("Grandparents"). On February 18, 2011, Father filed a petition for paternity, in which he also requested custody of C.C. Grandparents filed a petition to intervene in the paternity action and petitioned for and were appointed as temporary guardians over C.C. Father then petitioned to intervene in the guardianship action, and the trial court joined the cases and transferred the guardianship action into this paternity proceeding.

Grandparents moved for temporary custody, and on June 20, 2011, the trial court entered an order establishing paternity in Father, granting Father visitation, and ordering C.C. to "remain in the custody, care, and control of the temporary guardians [Grandparents] pending a full hearing on all remaining issues." *Appellant's App.* at 76. The trial court also encouraged the parties to "work together toward an amicable resolution of all issues pending before [the] Court." *Id.* Three months later, on September 30, 2011, after the parties had reached an agreement and recited that agreement into the record in open court, the trial court entered an "Order on Agreed Entry," which resolved all pending issues, including custody, support, visitation, and health insurance. *Id.* at 98-100. The order specifically reflected the parties' agreement for Father and Grandparents to "enjoy joint

2

legal custody of C.C." *Id*. at 98.  The order also provided, "There is to be no child support

due either from the [F]ather or from the [M]other." *Id*. at 99.

On June 26, 2012, Father filed a petition for change of custody, alleging that a

continual and substantial change in circumstances had occurred since the previous shared

custody order of September 2011.  The trial court held an evidentiary hearing on Father's

Petition on January 7, 2013.  The trial court denied Father's Petition, thereby leaving the

terms of the previous shared custody order in place.

The denial of Father's Petition for Change of Custody was entered into the CCS on

January 31, 2013, with a notation that the order was signed January 17, 2013.  *Id.* at 7.  On

February 8, 2013, Father filed a motion to correct error contending (1) "that the Court did

not give its finding[s] of fact and conclusions of law laying out its reasons for its ruling as

required by statute"; and (2) "that the evidence did not support the Court denying the

Motion to Modify." *Id*. at 181.  In his Motion to Correct Error, Father also requested an

extension "until March 31, 2013 to submit [a] memorandum in support of Motion to

Correct Error[]." *Id*. at 180.  The trial court granted the extension to file the memorandum

of law in an order dated February 12, 2013.  *Id*. at 8, 180, 185.  Father timely filed his

memorandum of law.[2]  *Id*. at 190.  Grandparents did not respond to Father's Motion to

---

[2] While not specifying in the order, the trial court's grant of Father's request for an extension allowed Father to file his memorandum on a date up to and including March 31, 2013.  Because March 31, 2013 was a Sunday, Father's memorandum of law, which was filed on Monday, April 1, 2013, was timely filed.  *See* Ind. Trial Rule 6(A) (regarding computation of time for serving documents with the court).

Correct Error, and the Motion was deemed denied pursuant to Indiana Trial Rule 53.3. The exact date of the deemed denial will be discussed below.

On or about May 30, 2013,[3] Father filed his Notice of Appeal. After Father filed his appellant's brief, Grandparents filed a motion to dismiss the appeal for lack of jurisdiction. On November 22, 2013, the motions panel of this court denied Grandparent's Motion to Dismiss.

## DISCUSSION AND DECISION

On appeal, Grandparents ask this court to revisit the issue of whether this appeal should be dismissed because Father's Notice of Appeal was not timely filed. Even though our motions panel ruled on this issue, Grandparents are not precluded from again presenting their arguments. *Smith v. Deem*, 834 N.E.2d 1100, 1103 (Ind. Ct. App. 2005) (we are not precluded overruling orders decided by motions panel), *trans. denied*. "It is well established that we may reconsider a ruling by the motions panel." *Cincinnati Ins. Co. v. Young*, 852 N.E.2d 8, 12 (Ind. Ct. App. 2006), *trans. denied*. "While we are reluctant to overrule orders decided by the motions panel, this court has inherent authority to reconsider any decision while an appeal remains in fieri." *Miller v. Hague Ins. Agency, Inc.*, 871 N.E.2d 406, 407 (Ind. Ct. App. 2007).

Pursuant to Indiana Appellate Rule 9, a party initiates an appeal by filing a notice of appeal within thirty days after entry of judgment. "Unless the [n]otice of [a]ppeal is

---

[3] A June 4, 2013 CCS entry reflects that the notice of appeal was filed on June 4, 2013; however, the actual notice of appeal bears a stamp stating that it was filed with the Clerk of the Indiana Supreme Court on May 30, 2013. *Appellant's App.* at 8, 194. This discrepancy is not material to our decision.

timely filed, the right to appeal shall be forfeited[.]" Ind. Appellate Rule 9(A)(5). Our

Supreme Court has considered perfecting a timely appeal a jurisdictional matter. *See*

*Claywell v. Review Bd. of Ind. Dep't of Emp't & Training Servs.,* 643 N.E.2d 330, 330

(Ind. 1994). Absent a timely notice of appeal, no jurisdiction is conferred on this court.

*Id.* Here, we must determine the date of the deemed denial of the motion to correct error

in order to determine whether Father's appeal was timely.

Indiana Trial Rule 53.3 sets forth the time limitations that apply when a party files

a motion to correct error. That rule, in pertinent part, provides as follows:

> (A) Time limitation for ruling on motion to correct error. In the event a court
> fails for forty-five (45) days to set a Motion to Correct Error for hearing, or
> fails to rule on a Motion to Correct Error within thirty (30) days after it was
> heard or *forty-five (45) days after it was filed*, if no hearing is required, the
> pending Motion to Correct Error shall be deemed denied. Any appeal shall
> be initiated by filing the notice of appeal under Appellate Rule 9(A) within
> thirty (30) days after the Motion to Correct Error is deemed denied.
>
> . . . .
>
> (D) Extension of time for ruling. The Judge before whom a Motion to
> Correct Error is pending *may extend the time limitation for ruling for a period
> of no more than thirty (30) days* by filing an entry in the cause advising all
> parties of the extension. Such entry must be in writing, must be noted in the
> Chronological Case Summary before the expiration of the initial time period
> for ruling set forth under Section (A), and must be served on all parties.
> Additional extension of time may be granted only upon application to the
> Supreme Court as set forth in Trial Rule 53.1(D).

Ind. Trial R. 53.3 (emphasis added).

Here, the trial court's order denying Father's petition for change of custody was

entered January 17, 2013. *Appellant's App.* at 7. Pursuant to Indiana Trial Rule 59(C),

Father had thirty days to file his permissive motion to correct error; Father filed his timely

motion to correct error on February 8, 2013. The trial court did not set the motion for a hearing, and, therefore, the motion would have been deemed denied forty-five days after it was filed, *i.e.*, on March 25, 2013, and Father's Notice of Appeal would have been due thirty days thereafter, on April 24, 2013.

Indiana Trial Rule 53.3(D) allows a trial court to extend the time limitation for ruling on a motion to correct error for a period of no more than thirty days. At no time did Father seek an extension of this time limitation for ruling, and at no time did the trial court file an entry extending the time limitation.

In his Motion to Correct Error, Father requested an extension of time, until March 31, 2013, to file a memorandum of law in support of his motion to correct error. The trial court granted this motion in an order dated February 12, 2013. *Appellant's App.* at 8. Father filed a second motion for extension of time to file the memorandum on March 26, 2013, which the trial court denied.[4]

Assuming without deciding that the trial court order granting Father's Motion for Extension to file the supporting memorandum also extended the deadline by which it must rule on the Motion to Correct Error to the extent permitted under Trial Rule 53.3(D),[5] the

---

[4] "Additional extension of time may be granted only upon application to the Supreme Court as set forth in Trial Rule 53.1(D)." T.R. 53.3(D).

[5] The issue whether a trial court's order extending the time for the filing of a memorandum in support of a motion to correct error also extends the deadline by which the motion shall be deemed denied under Indiana Trial Rule 53.3(A) has not been decided by our appellate courts. Here, to reach our decision, we need not address this issue. However, we caution trial courts and trial and appellate counsel to give due regard to the interplay of these rules.

new deadline for ruling would have been April 24, 2013.[6] When the trial court failed to rule by such date, Father's Motion to Correct Error was deemed denied and his Notice of Appeal would have been due May 24, 2013.

The Indiana Rules of Appellate Procedure provide that a party initiates an appeal by filing a Notice of Appeal with the trial court clerk within thirty days after entry of a final judgment. *In re D.L.,* 952 N.E.2d 209, 211 (Ind. Ct. App. 2011), *trans. denied* (citing App. R. 9(A)(1)). "The timely filing of a notice of appeal is a jurisdictional prerequisite, and failure to conform to the applicable time limits results in forfeiture of an appeal." *Bohlander v. Bohlander*, 875 N.E.2d 299, 301 (Ind. Ct. App. 2007) (citation omitted), *trans. denied*; *see also* App. R. 9(A)(5) ("Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited except as provided by P.C.R. 2.[1]."). Father's appeal had to be filed no later than thirty days after his Motion to Correct Error was deemed denied. At the earliest, the due date for the Notice of Appeal was April 24, 2013; at the latest, it was May 24, 2013. Father did not file his appeal until May 30, 2013. Without regard to the question whether the trial court's extension of time for filing the memorandum extended the time period for ruling on the Motion to Correct Error, Father's Notice of Appeal was not timely. A timely filing is a jurisdictional prerequisite; therefore, we do not have jurisdiction over Father's appeal and accordingly dismiss. *See Marchand v. Review*

---

[6] Father timely filed his Motion to Correct Error on February 8, 2013. His Motion would have been deemed denied forty-five days thereafter, i.e., on March 25, 2013. Pursuant to Trial Rule 53.3(D), the trial court had the power to extend its deadline for ruling only for an additional thirty days, i.e., until April 24, 2013.

*Bd. of Ind. Dep't of Workforce Dev.,* 905 N.E.2d 435, 439 (Ind. Ct. App. 2009) (dismissing

for untimely notice of appeal).[7]

Dismissed.

FRIEDLANDER, J., and BAILEY, J., concur.

---

[7] Our Supreme Court recently discussed the issue of timeliness of a Notice of Appeal in *In re Adoption of T.L.*, No. 02S03-1308-AD-528 (Ind. Mar. 11, 2014). There, the trial court determined that the father's consent was not necessary in a proceeding that allowed the father's ex-wife's new husband to adopt the father's children. Thereafter, the father's counsel withdrew. Within thirty days of judgment, however, the father, acting pro se, sent a letter stating his intent to appeal and requesting both the appointment of counsel and a thirty-day extension to file his Notice of Appeal. Although the letter was not in the form required in Indiana Appellate Rule 9(A)(1), the trial court treated the letter as a notice of appeal and appointed counsel. The adoptive parents moved to dismiss the appeal, and a panel of this court dismissed the father's appeal as untimely. The father sought transfer, arguing that "the Court of Appeals should have addressed his appeal on the merits in spite of procedural defects because it involve[d] his constitutional right to parent his children." *Id.* In its opinion, our Supreme Court said, "had [the letter] been a proper Notice of Appeal, it would have been timely filed." Slip op. at 3. Our Supreme Court granted transfer and, noting the importance surrounding an individual's right to parent his own children, addressed the merits of the case.

We do not find *T.L.* to be controlling of the issue before us. Here, unlike *T.L.*, Father was at all times represented by counsel. Additionally, unlike the letter in *T.L.* that was filed within thirty days of judgment, here, Father's Notice of Appeal was not timely filed. Finally, while parental rights are of a constitutional dimension, *Egly v. Blackford Cnty. Dep't of Pub. Welfare*, 592 N.E.2d 1232, 1234 (Ind. 1992), we note that, unlike *T.L.*, the dismissal of Father's appeal is not a final determination as to his parental rights.