Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

**FILED**

Jul 30 2014, 9:48 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**EDWARD P. GRIMMER**
**DANIEL A. GOHDES**
Edward P. Grimmer, P.C.
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NORTHERN INDIANA PUBLIC SERVICE COMPANY, | ) ) ) | |
| Appellant-Plaintiff, | ) ) | |
| vs. | ) ) ) | No. 45A04-1403-PL-117 |
| RUTH A. CRANOR, | ) ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Sheila M. Moss, Judge
The Honorable Kathleen M. Belzeski, Magistrate
Cause No. 45D08-1111-PL-68

**July 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Northern Indiana Public Service Company ("NIPSCO") appeals the trial court's order reinstating the driving privileges of Ruth Cranor. NIPSCO raises three issues, which we restate as:

1. Whether the trial court erred when it interpreted Indiana Code Section 9-25-6-6.

2. Whether equity required denial of Cranor's request for the reinstatement of her driving privileges.

3. Whether the trial court erred when it found that Cranor had not received actual notice that her first installment payment was due on January 15, 2014, and reinstated her driving privileges despite her nonpayment.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On January 30, 2011, Cranor, driving while intoxicated and using her cell phone, crashed her vehicle into a NIPSCO utility pole causing $3,980.49 in damages to the pole. NIPSCO sued Cranor and won a default judgment against her in the amount of $10,000. On August 24, 2013, after Cranor had failed to make any payments on the judgment, NIPSCO obtained the suspension of Cranor's license with the Bureau of Motor Vehicles ("BMV") under Indiana Code Section 9-25-6-4.

Cranor moved the trial court to permit her to make installment payments on the judgment and to reinstate her driving privileges under Indiana Code Section 9-25-6-6. During a hearing in September 2013, Cranor, pro se, testified that "without a license, [she] can only work the weekends" at her job at "the Picture People in the mall." Tr. of September Hearing at 4. And Cranor offered to pay $40 per month towards the

2

judgment.  NIPSCO argued that, under the statute, Cranor's license "is to be suspended until the judgment is satisfied or until there is a court-approved schedule of installments that will pay that judgment."  Id. at 9.  And NIPSCO argued that the statute requires installment payments sufficient to pay off the entire judgment within seven years.  The trial court took the matter under advisement and, on December 18, the court issued an order reinstating Cranor's driving privileges contingent on her payment of $75 per month towards the judgment.

On January 17, 2014, NIPSCO filed a motion to correct error and a motion to re-suspend Cranor's driving privileges because she had failed to make the first installment payment on January 15.  The trial court granted the motion to re-suspend Cranor's driving privileges.  Cranor then moved the trial court to reinstate her driving privileges.  Following a hearing on February 11, the trial court found that it had mailed the December 18, 2013, order to the wrong address and that Cranor did not have actual notice that she was required to make installment payments.  Accordingly, over NIPSCO's objection, on February 19, 2014, the trial court reinstated Cranor's driving privileges.  This appeal ensued.[1]

## DISCUSSION AND DECISION

### Issue One:  Statutory Interpretation

Initially, we observe that Cranor has not filed an appellee's brief.  "When an appellee fails to submit a brief in accordance with our rules, we need not undertake the burden of developing an argument for the appellee."  McKinney v. McKinney, 820

---

[1] NIPSCO appeals both the December 18, 2013, and February 19, 2014, orders.

N.E.2d 682, 685 (Ind. Ct. App. 2005). Rather, we apply a less stringent standard of review, and we may reverse the trial court if the appellant establishes prima facie error. Id. "Prima facie" means at first sight, on first appearance, or on the face of it. Id. This standard prevents two evils that would otherwise undermine the judicial process. Pala v. Loubser, 943 N.E.2d 400, 407 (Ind. Ct. App. 2011), trans. denied. By requiring the appellant to show some error, we ensure that the court, not the parties, decides the law. Id. By allowing the appellant to prevail upon a showing of only prima facie error, we avoid the improper burden of having to act as advocate for the absent appellee. Id.

NIPSCO first contends that the trial court misinterpreted Indiana Code Section 9-25-6-4(c) when it reinstated Cranor's driving privileges based upon an installment plan that will not satisfy the judgment within seven years of the accident. This court recently addressed the same argument brought by NIPSCO in another appeal, and we held as follows:

> The Appellees' driving privileges were suspended pursuant to Indiana Code Section 9-25-6-4(c)[] which provides, "The bureau[] shall suspend for a period of not more than seven (7) years from the date of judgment the driving privileges of a person upon receiving a verified report that the person has failed for a period of ninety (90) days to satisfy a judgment." "Judgment" is defined as "a judgment in excess of two hundred dollars ($200) for bodily injury, death, or property damages arising out of the use of a motor vehicle upon a public highway." Ind. Code § 9-25-6-4(b).
>
> Indiana Code Section 9-25-6-6, which pertains to the reinstatement of driving privileges, provides:
>
>> (a) The bureau may not suspend the driving privileges of a person and shall reinstate the driving privileges of a person following nonpayment of a judgment whenever a judgment debtor does the following:

4

(1) Gives proof that the judgment debtor will maintain financial responsibility in the future for at least three (3) years following reinstatement.

(2) Obtains an order from the trial court in which the judgment was rendered permitting the payment of the judgment in installments, unless the payment of an installment is in default.

(b) A judgment debtor, upon five (5) days' notice to the judgment creditor, may apply to the trial court in which the judgment was obtained for the privilege of paying the judgment in installments. The court, in the court's discretion and without prejudice to other legal remedies the judgment creditor may have, may order the payment of the judgment in installments, fixing the amounts and times of payment of the installments.

(c) Except as provided in subsection (d), if the judgment debtor fails to pay an installment as permitted by the order of the court, upon notice of the default the bureau shall suspend the driving privileges of the judgment debtor. The bureau may not take action for failure to make installment payments for judgments entered at least seven (7) years after the date of the accident. Suspended driving privileges may not be reinstated until evidence of proof of future financial responsibility is presented.

(d) Notwithstanding a default by the judgment debtor in the payment of a judgment or the payment of an installment under subsection (b), whenever the judgment creditor consents in writing, in the form the bureau prescribes, that the judgment debtor be allowed driving privileges and registration, the driving privileges and registration may be allowed by the bureau at the bureau's discretion. The driving privileges and registration may be renewed until the consent is revoked in writing if the judgment debtor furnishes proof under this article that the judgment debtor will maintain financial responsibility in the future for at least three (3) years following reinstatement.

NIPSCO first contends that, because driving privileges may not be suspended for more than seven years pursuant to Indiana Code Section 9-

5

25-6-4, "[a] practical reading of I.C. 9-25-6-6(a)(2), congruous with the seven year statutory limitation placed on the suspension of driving privileges, requires that the trial court's reinstatement order be based upon installments sufficient to pay the judgment no later than the seventh anniversary of the judgment. . . ." Appellant's Brief (Sloan) p. 10. According to NIPSCO, Indiana Code Section 9-25-6-6(a)(2) requires the installment payments to be calculated to result in the payment of the judgment in full during the suspension period.

Indiana Code Section 9-25-6-6 is clear and unambiguous, and its plain language does not include such a time limit on the installment payments. A judgment debtor is only required to obtain an order from the trial court "permitting the payment of the judgment in installments. . . ." I.C. § 9-25-6-6(a)(2). Had the Legislature intended to impose a time limit on the installment payments it could have done so. See McGee v. McGee, 998 N.E.2d 270, 271 (Ind. Ct. App. 2013) ("[I]t is as important to recognize what a statute does not say as it is to recognize what it does say.") If we were to interpret the statute in the manner in which NIPSCO suggests, we would be adding a requirement to the statute that is not there. We cannot and will not do that. See id. at 272.

NIPSCO's proposed reading of the statute also ignores the clear language of Indiana Code Section 9-25-6-6(b), which provides in part, "The court, in the court's discretion and without prejudice to other legal remedies the judgment creditor may have, may order the payment of the judgment in installments, fixing the amounts and times of payment of the installments." This language clearly vests trial courts with broad discretion in crafting the amounts and timing of the installment payments.

* * *

NIPSCO's attempt to distinguish the "installment" language of Indiana Code Section 9-25-6-6 from the "payment plan" language and "income withholding order" requirement of Indiana Code Section 31-16-12-11 is unavailing. Notwithstanding the different terms, a plain reading of Indiana Code Section 9-25-6-6 clearly gives trial courts the ability to issue an order "permitting the payment of the judgment in installments" and vests the trial court with the discretion regarding "the amounts and times of payment of the installments." Accordingly, NIPSCO has not established that the trial court erred as a matter of law when it permitted the Appellees to make installment payments of $50.00 per month even if the plan would not result in the payment of the judgment in full during the suspension period.

6

NIPSCO v. Sloan, 4 N.E.3d 760, 765-66 (Ind. Ct. App. 2014), trans. denied.

Likewise, here, we hold that the trial court did not err when it ordered Cranor to make installment payments of $75 per month towards the $10,000 judgment.

## Issue Two: Equity

NIPSCO next contends that reinstatement of Cranor's driving privileges is inequitable. NIPSCO made this same argument in Sloan, and we held as follows:

> As a general proposition, a trial court has full discretion to fashion equitable remedies that are complete and fair to all parties involved. However, our courts generally will not exercise equitable powers when an adequate remedy at law exists. Equity has power, where necessary, to pierce rigid statutory rules to prevent injustice. But where substantial justice can be accomplished by following the law, and the parties' actions are clearly governed by rules of law, equity follows the law.

Porter v. Bankers Trust Co. of California, N.A., 773 N.E.2d 901, 908 (Ind. Ct. App. 2002) (citations omitted).

> Here, the suspension and reinstatement of driving privileges is governed by statute, which gives the trial court discretion to craft installment payments and reinstate a judgment debtor's driving privileges. NIPSCO argues that denying the request for reinstatement of driving privileges sends the message that "[u]ntil a victim is or will be fully compensated, the victimizer is not to drive lawfully." Appellant's Br. (Sloan) p. 23. This argument overlooks the concerns addressed by the trial court at the hearings that the reinstatement of driving privileges generally improves a judgment debtor's ability pay a judgment or, at the very least, incentivizes the judgment debtor to make the installment payments. Because NIPSCO is more likely to get paid if the Appellees' driving privileges are reinstated, substantial justice is accomplished by following the law. Thus, the trial court properly rejected NIPSCO's equity arguments.

4 N.E.3d at 767-68. Likewise, NIPSCO's equity argument fails here.

**Issue Three:  Violation of Installment Payment Order**

Finally, NIPSCO contends that, because Cranor missed her first installment payment on January 15, 2014, Indiana Code Section 9-25-6-6(a)(2) and (c) "requires the reinstatement order be vacated, suspension of privileges re-instated, and bars any future reinstatement on installments."  Appellant's Br. at 34.  NIPSCO maintains that, under subsection (c), "suspension is ministerial, an act of the BMV.  Nothing in the statute give[s] the court discretion to waive a failure of installment, or create[s] a defense in Cranor for her non-payment." Id. We cannot agree.

Again, Indiana Code Section 9-25-6-6(a) and (c) provide:

> (a) The bureau may not suspend the driving privileges of a person and shall reinstate the driving privileges of a person following nonpayment of a judgment whenever a judgment debtor does the following:
>
> > (1) Gives proof that the judgment debtor will maintain financial responsibility in the future for at least three (3) years following reinstatement.
> >
> > (2) Obtains an order from the trial court in which the judgment was rendered permitting the payment of the judgment in installments, unless the payment of an installment is in default.
>
> * * *
>
> (c) Except as provided in subsection (d), if the judgment debtor fails to pay an installment as permitted by the order of the court, upon notice of the default the bureau shall suspend the driving privileges of the judgment debtor.  The bureau may not take action for failure to make installment payments for judgments entered at least seven (7) years after the date of the accident.  Suspended driving privileges may not be reinstated until evidence of proof of future financial responsibility is presented.

8

(Emphasis added).

During the February 11, 2014, hearing, the trial court acknowledged its "error" in mailing the notice of reinstatement and order to make installment payments to Cranor "to an old address," when she had previously given the court her correct address. Tr. of February Hearing at 3. Thus, the trial court found that Cranor did not have notice that she was required to make an installment payment on January 15, 2014. But NIPSCO pointed out that Cranor went to the BMV and got her driving privileges reinstated on January 15, 2014, the date her first installment payment was due. And NIPSCO argued that "[s]he had sufficient notice" and had "sufficient time . . . to check the court docket, [be]cause she knew the court order [reinstating her driving privileges] would [also] contain an installment plan." Id. at 6.

The trial court rejected NIPSCO's argument and reinstated Cranor's driving privileges, despite the nonpayment, because of the court's error in mailing the notice to the wrong address. The court found that Cranor "did not have knowledge [of the order to make the installment payments] since the order came back and it was our error." Id. at 11.

Again, in Sloan, we stated that "a plain reading of Indiana Code Section 9-25-6-6 clearly gives trial courts the ability to issue an order 'permitting the payment of the judgment in installments' and vests the trial court with the discretion regarding 'the amounts and times of payment of the installments.'" 4 N.E.3d at 766 (emphasis added). The evidence supports the trial court's finding that Cranor did not have actual notice that her first installment payment was due on January 15, 2014, and we will not reweigh the

9

evidence on appeal. The trial court did not abuse its discretion when it reinstated Cranor's driving privileges despite the missed payment.

Affirmed.

VAIDIK, C.J., and BROWN, J., concur.