**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Aug 07 2014, 9:55 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY LOGAN[1]**
Benson, Pantello, Morris
James & Logan, LLP
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE:

**STEPHEN P. ROTHBERG**
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEANNE RIPPE, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No.  17A05-1312-DR-611 |
| | ) | |
| DANIEL RIPPE, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE DEKALB SUPERIOR COURT
The Honorable Monte L. Brown, Judge
Cause No. 17D02-1003-DR-94

**August 7, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

---

[1] Logan filed Rippe's appellate brief on April 4, 2014.  This Court granted Logan's Motion to Withdraw Appearance on May 7, 2014.

Appellant-respondent Jeanne Rippe (Wife) appeals three trial court orders issued in September 2011, November 2011, and November 2013 relating to the dissolution of her marriage to appellee-petitioner Daniel Rippe (Husband). Wife's challenges to the issues in the 2011 orders are forfeited because she failed to timely appeal them, and her challenges to the issues in the 2013 order are waived because she agreed to the order.

On cross-appeal, Husband argues that he is entitled to appellate attorney fees because Wife's appeal is frivolous. We agree and remand this case to the trial court with instructions for the court to determine the fees.

## FACTS

In June 2011, the parties entered into a Mediated Marital Settlement Agreement, which the trial court approved. Pursuant to the terms of the agreement, Wife was awarded the marital home. She agreed to either refinance the mortgage on the home or release Husband as an obligated party on the mortgage by November 30, 2011; to maintain homeowner's insurance on the home; and to provide proof of insurance to Husband. The agreement further provided that if Wife failed to refinance the home or release Husband from the financial obligation, the house would be immediately listed for sale.

Wife was also awarded ten rental properties. She agreed to remove Husband's name as an obligated party on all debts related to these properties; to be financially responsible for all maintenance and debts associated with the properties, including a $112,000 Chase line of credit; to maintain casualty insurance on all of the properties; and

2

to provide proof of insurance to Husband. Wife also agreed to timely pay installment payments on debts assumed by her on which Husband was a co-obligor, including a CNH Capital loan.

Husband was awarded three rental properties, and Wife agreed to execute and deliver quit-claim deeds on the properties to Husband. She also stated that any financial obligations associated with the properties, such as insurance premiums and real estate taxes, had been paid in full and that Husband was entitled to rental payments beginning June 16, 2011. Wife also agreed to immediately pay Husband for any rent received for the period following June 15, 2011. The agreement further provided that if Wife failed to timely pay the mortgage on the marital residence, the Chase line of credit, or other financial obligations, she would immediately deliver to Husband the mortgages to the rental properties awarded to her. Lastly, the agreement authorized the award of attorney fees for a breach of the agreement.

One month later, in July 2011, Husband filed a Verified Petition and Information to Show Cause and for Specific Performance/Compliance with Decree of Dissolution and for Fees wherein he explained that Wife had failed to 1) make an installment payment on the CNH Capital loan; 2) deliver proof of insurance on the rental real estate; 3) execute the quit-claim deeds; 4) pay the May installment of real estate taxes on the rental properties; 5) turn over rents collected on the properties to Husband; and 6) allow Husband to collect items of personal property. Husband also asked the trial court to award him attorney fees and act immediately due to Wife's "pattern of dissimulation,

deflection, obfuscation and outright violation of Court Orders repeatedly demonstrated during the pendency of this proceeding." Appellant's App. p. 114.

On September 14, 2011, the trial court issued an order finding that Wife, "without justification, has repeatedly, consistently and contemptuously failed to comply with the Orders of this Court concerning compliance with the Court's Decree of Dissolution." Appellant's App. p. 68-69. The trial court ordered Wife to pay Husband $12,944.07 within seventy-two hours of the order and to make timely proof of payment obligations. The trial court found that if Wife failed to comply with any provision of the order or payment of money, all rents due on her rental properties would be payable immediately to Husband. Wife was also ordered to pay Husband's attorney fees in the sum of $17,964.46. Wife did not appeal the September 14, 2011 order.

In October 2011, Husband filed a Motion for Orders in Aid of Enforcement and a Memorandum in Support of Motion wherein he advised the trial court that Wife was still refusing to comply with the trial court's order and the parties' agreement. On November 14, 2011, the trial court issued an order finding Wife in contempt for failing to comply with its September 14, 2011 order. For example, the trial court noted that the day after the trial court issued that order, Wife received a rent payment from a tenant and instead of giving it to Husband as ordered by the court, Wife deposited the payment into her personal account. Other rent payments were treated the same way. The trial court therefore ordered Husband to assume control of the ten rental properties and enjoined Wife from interfering with the order. The trial court also ordered Wife to pay $150 for

4

each day that she failed to purge herself of contempt by giving Husband the lease agreements, security deposits, and rent payments. The trial court further ordered Wife to pay an additional $17,495.70 for Husband's attorney fees. Wife did not appeal the November 2011 order.

In December 2011, Husband filed a Motion for Order in Aid of Enforcement and an Amended and Supplemental Information and Petition to Show Cause wherein he alleged that the debt assumed and unpaid by Wife was approximately $525,000 and that she was still refusing to follow both the parties' agreement and the trial court's orders. The trial court scheduled a hearing on Husband's motions for February 6, 2012. That same day, before the hearing, Wife filed a bankruptcy petition in the United States Bankruptcy Court for the Northern District of Indiana, which resulted in an automatic stay of the state court proceedings.

In September 2013, following the litigation of the bankruptcy petition, the bankruptcy court concluded that Wife's petition had not been filed in good faith and denied confirmation of Wife's bankruptcy plan. Specifically, the bankruptcy court found that Wife's motive in filing the proceeding was "quite simply, to undo much of what the state court had done with regard to enforcing the parties' settlement agreement, avoid its further scrutiny, and obtain more time – time the state court was either unwilling or unable to give her – so that she could continue to drag out her performance under that agreement." Appellant's App. p. 265. The court further concluded that Wife was not paying her creditors to the best of her ability and that she was not a credible witness.

5

Specifically, the court explained that she was "flippant and slippery and throughout the course of trial, provided answers to questions that, upon further probing, proved to be less than accurate." Appellant's App. p. 266.

After the bankruptcy court denied confirmation of Wife's plan, the case returned to the state trial court, which scheduled a hearing for November 12, 2013. Before the hearing, the parties reached an agreement, which was presented in court. Specifically, the trial court and the parties discussed the agreement as follows:

> TRIAL COURT: We were scheduled this afternoon for an all afternoon hearing on a variety of matters. It's my understanding that, uh, counsel has met with regard to a set of Proposed Findings, Conclusions and Order that [Husband's counsel] has prepared and submitted to me that is now on my desk. It's my understanding that the parties have agreed that I will enter that Order up, as prepared . . . .
>
> HUSBAND'S COUNSEL: The Court correctly recites the Petition as understanding of the agreement, Your Honor.
>
> TRIAL COURT: All right. And, [Wife's Counsel], from your perspective?
>
> WIFE'S COUNSEL: I agree.

Appellee's App. p. 2. No other hearing was held, and no evidence was presented.

The November 12, 2013 Findings, Conclusions, Judgment and Order were taken verbatim from the parties' Proposed Findings, Conclusions and Order. In the order, the trial court concluded that Wife was in contempt for continuing to violate the trial court's orders. The trial court committed Wife to the DeKalb County Jail for sixty days, commitment deferred on the express condition that she comply with the judgment and

provide the trial court with a complete accounting of rental or related payments on the rental properties. The trial court also ordered Wife to pay Husband $414,961.50, which included money awarded in the September 2011 and November 2011 orders as well as attorney fees.

Wife now appeals.

DISCUSSION AND DECISION

I. Wife's Appeal

Wife argues that the trial court erred in transferring deposits, rents, and control of the rentals to Husband; imposing punitive contempt penalties; denying a motion to continue; concluding that Wife willfully failed to meet obligations; imposing a $150 per day fine; and ordering Wife to pay Husband's attorney fees.

To the extent these arguments challenge the September and November 2011 orders, we note that the Indiana Rules of Appellate Procedure provide that a party initiates an appeal by filing a Notice of Appeal with the trial court clerk within thirty days after entry of a final judgment. See D.C., Jr. v. C.A., 5 N.E.3d 473, 477 (Ind. Ct. App. 2014). The timely filing of a notice of appeal is a jurisdictional prerequisite, and failure to conform to the applicable time limits results in forfeiture of an appeal. Id. Here, Wife should have filed notices of appeal for the September and November 2011 orders within thirty days after the orders were entered. Wife's current challenge to the orders is therefore untimely, and she has forfeited the right to appeal them. See Id.

7

To the extent Wife's arguments challenge the November 2013 order, we note that Wife agreed to the provisions in this order at the November 2013 hearing and did not raise any objections to it. She cannot challenge the agreement for the first time on appeal. See Northern Indiana Public Service Co. v. Sloan, 4 N.E.3d 760, 766 (Ind. Ct. App. 2014), trans. denied. The issues in this order are waived. See Einhorn v. Johnson, 996 N.E.2d 823, 828, n. 4 (Ind. Ct. App. 2013), trans. denied, (finding waiver where a party failed to make an argument to the trial court).

## II. Husband's Cross-Appeal

On cross-appeal, Husband asks us to award him appellate attorney fees. Specifically, he argues that he is entitled to attorney fees due to the "frivolous nature of this appeal, given the failure of [Wife] to file a timely appeal from the 2011 trial court rulings and the plain failure to object at trial to any of the rulings that she now complains of on appeal." Appellee's Br. p. 23.

Pursuant to Indiana Rule of Appellate Procedure 66(E), this Court has discretion to award damages, which may be in the form of attorney fees, if an appeal is frivolous or in bad faith. Gilbert v. Gilbert, 7 N.E.3d 316, 324 (Ind. Ct. App. 2014). This Court will assess appellate damages only against an appellant who maintains a frivolous appeal that is permeated with meritlessness, bad faith, harassment, vexatiousness, or purpose of delay." Thacker v. Wentzel, 797 N.E.2d 342, 346 (Ind. Ct. App. 2003). A strong showing is required to justify an award of appellate damages, and the sanction is not

imposed to punish mere lack of merit but something more egregious. <u>Harness v. Parkar</u>, 965 N.E.2d 756, 762 (Ind. Ct. App. 2012).

Here, Husband has established that Wife's appeal was more than merely lacking in merit and is something more egregious. Wife has repeatedly refused to follow the trial court's orders and is now attempting to appeal the orders issued three years ago. She is also attempting to appeal an order that she agreed to. This appeal is nothing more than another attempt to relitigate issues that have already been decided. We therefore award Husband appellate attorney fees and remand this case to the trial court with instructions to determine reasonable attorney fees.

Affirmed and remanded for a determination of reasonable attorney fees.

KIRSCH, J., and ROBB, J., concur.